392 So.2d 910 (1980)
GUNITE WORKS, INC., and Underwriters Adjusting Company, Appellants,
v.
James LOVETT, Appellee.
No. UU-176.
District Court of Appeal of Florida, First District.
January 16, 1980.
Gary L. Stump of Whittaker, Pyle, Stump & Webster, Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.

ON PETITION FOR REHEARING DENIED
MILLS, Chief Judge.
Appellants' petition for rehearing is denied but their request for clarification of the Court's opinion of 30 September 1980 is granted; the opinion is withdrawn; and this opinion substituted for it.
This appeal raises the sole question of the effective date of Section 440.12(2)(a), Florida Statutes, as amended by the 1979 Legislature. The enactments at issue are Chapter 79-40 and Chapter 79-312, Laws of Florida.
Section 7 of Chapter 79-40 provided that Section 440.12(2)(a), Florida Statutes "shall apply only to injuries occurring on or after July 1, 1979." Section 127 of Chapter 79-40 provided, "[T]his act shall apply to all claims for injury arising out of accidents occurring on or after July 1, 1979." Subsequently, Chapter 79-312 was passed which amended many sections of the workers' compensation law, including many of those amended by Chapter 79-40; however, Chapter 79-312 did not amend Section 7 of Chapter 79-40 or, in other words, did not amend Section 440.12 of the Florida Statutes. Section 23 of Chapter 79-312 amended Section 127 of Chapter 79-40 to change the effective date from injuries occurring on or after July 1 to injuries occurring on or after August 1. Furthermore, Section 26 of Chapter 79-312 provided that the act should take effect on August 1, 1979, except for certain specified sections, none of which amended the compensation rate provisions, and those sections were to take effect July 1.
Appellants contend that one must consider both Chapters 79-40 and 79-312 together and give prime consideration to Section 26 of the latter, which provided for the entire act to take effect August 1 except for those sections specified explicitly. *911 Chapter 79-312 was the last will and expression of the intention of the legislature.
Appellees point out that the two enactments at issue made many changes in the workers' compensation law, three of which were the wage rate, jurisdiction of the First District Court of Appeal, and sections of the law concerning all other factors.
Chapter 79-312 amended the effective dates of the two other aspects of Chapter 79-40, but did not amend the effective date of those sections concerning wage rate. Since the legislature did not modify that date, there could be no doubt that the legislature intended the compensation rate to be increased as of July 1.
In Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978), the Florida Supreme Court asserted:
The omission of a word in the amendment of a statute will be assumed to have been intentional. And, where it is apparent that substantial portions of a statute have been omitted by process of amendment, the courts have no express or implied authority to supply omissions that are material and substantive, and not merely clerical and unconsequential. (354 So.2d at 364-365)
Applying that rule to the facts here, we must assume that the act of the legislature in changing the effective date of some provisions of the workers' compensation law and in failing to change the effective date for other provisions expressed the legislature's intent that the latter provisions take effect on the date initially designated, July 1, 1979.
This interpretation is consonant not only with the case law, but also with statutory law. Section 1.04, Florida Statutes (1979), provides that amendatory acts passed in the same legislative session are to be read in pari materia and "full effect is to be given to each, if that is possible."
The order of the Deputy Commissioner finding the effective date of 440.12(2)(a), as amended by the 1979 Legislature, to be July 1, 1979, is AFFIRMED.
McCORD and THOMPSON, JJ., concur.