WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order and allege that the deputy erred in the determination of claimant’s compensation rate. We conclude that the deputy did err by utilizing an inapplicable statute.
Section 440.15(2)(a), Florida Statutes (1978), provides that, for temporary total disability, a claimant is entitled to 60% of his average weekly wage. In 1979 the legislature amended this provision so that a claimant is now entitled to 66%% of his average weekly wage, and it was initially provided that the 1979 amendments to Chapter 440 would have an effective date of July 1, 1979. See Chapter 79-40, § 127 (1979). However, the legislature subse *491 quently amended Chapter 79-40 to provide for an effective date of August 1, 1979 (with certain specified exceptions which are not involved in the present case). See Chapter 79-312, § 23 (1979).
The applicable compensation rate is a substantive matter which becomes fixed on the date of claimant’s injury. Cf., Phillips v. City of West Palm Beach, 70 So.2d 345 (Fla.1954). In the present case the claimant sustained injury on July 25, 1979, and is thus entitled to the compensation rate in effect on that date. Since Chapter 79-312, § 23, amended the 1979 legislature’s prior enactment and established an effective date of August 1, 1979, for the amendment to § 440.15(2)(a), the 1978 enactment remained in effect on the date of claimant’s injury and the appropriate compensation rate thus should have been 60% of the average weekly wage rather than the 66%% rate utilized by the deputy.
Gunite Works Inc. v. Lovett, 392 So.2d 910 (Fla.1st DCA 1980), cited by claimant, is inapplicable in this instance because Gunite involved a different statute with a self-contained specific effective date; § 440.15(2)(a) (1979) contains no similar provision and is dependent upon the general effective date provision which was aménded by Chapter 79-312, § 23, to August 1, 1979. The 1979 amendment to § 440.15(2)(a) is thus inapplicable in the present case and the deputy erred in utilizing the amended compensation rate.
The order appealed is hereby amended to reflect a compensation rate based on 60% of claimant’s average weekly wage, pursuant to § 440.15(2)(a), Florida Statutes (1978), and the order is affirmed as amended.
BOOTH and SHAW, JJ., concur.