JOANOS, Judge.
The deputy commissioner’s award of compensation benefits was based upon an erroneous determination of the effective date of the 1979 amendments to § 440.12(2)(a), Florida Statutes, regarding the maximum compensation rate. This Court has consistently held that the effective date of § 440.-12(2)(a) (1979) is July 1, 1979, not August 1, 1979. Gunite Works, Inc. v. Lovett, 392 So.2d 910 (Fla. 1st DCA 1980); Ridgeway Transfer & Storage v. Fletcher, 390 So.2d 821 (Fla. 1st DCA 1980); Glerici Masonry & Plaster v. Profit, 393 So.2d 612 (Fla. 1st DCA 1981). Admittedly, the decision in Lovett was made without the benefit of Chapter 80-236, which specifically amended § 440.12(2)(a) to change the effective date to August 1, 1979. Lovett was reaffirmed, however, in the Ridgeway Transfer & Storage and Clerici Masonry cases that were decided after Chapter 80-236 was passed. These two cases can be explained by the rationale, that the substantive rights of the parties are fixed as of the accident date and the legislature’s attempt to retroactively amend the statute by changing the effective date is void as an impairment of a vested right. Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960).
Our reversal of the deputy on the effective date of the maximum compensation rates under § 440.12(2)(a) also brings into issue the effective date of the 1979 amendments to § 440.15(2) (the compensation rate for temporary total disability). In State of Florida, Department of Transportation v. Houlihan, 402 So.2d 490 (Fla. 1st DCA 1981), this Court held that the effective date of § 440.15(2)(a) (1979) is August 1, 1979.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.