584 So.2d 632 (1991)
Dorcy GAYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3635.
District Court of Appeal of Florida, First District.
August 9, 1991.
*633 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
The issue as presented to us is whether the trial court punished appellant twice for the same offense by first reclassifying the offense as felony petit theft and then using that felony classification to punish appellant again as an habitual violent felony offender, contrary to the double jeopardy clauses of the United States and Florida Constitutions. We hold that there was no double jeopardy violation and therefore affirm.
Appellant was charged by information with armed robbery. The state thereafter filed a notice of intent to classify appellant as an habitual violent felony offender pursuant to section 775.084, Florida Statutes (1989). The case proceeded to trial and the jury found appellant guilty of petit theft.
The case was then passed on for sentencing, just prior to which the state filed a notice of intent to seek felony petit theft sentencing or, in the alternative, a first-degree misdemeanor penalty. The state next filed an amended notice of intent to classify appellant as an habitual violent felony offender, seeking an enhanced sentence commensurate with a conviction for felony petit theft. At the hearing, the court first adjudicated appellant guilty of the offense of felony petit theft based upon two prior convictions for petit theft. It then found appellant to be an habitual violent felony offender based on the instant conviction for felony petit theft and a prior conviction of aggravated battery. Consequently, appellant was sentenced to five years as a result of the felony petit theft, with a five-year minimum mandatory provision pursuant to the habitual violent felony offender statute.
On appeal, appellant argues that he was punished twice for a single, discrete offense in violation of the double jeopardy clause prohibiting multiple punishments for the same offense. See, generally, State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). He maintains that the first punishment was the reclassification of his conviction for petit theft to felony petit theft pursuant to section 812.014(2)(d), Florida Statutes. He notes that this reclassification increased his punishment from a maximum of 60 days for a second-degree misdemeanor to a maximum of five years as a third-degree felony. He then argues that the double jeopardy violation is caused by the "second enhancement" involving the elevation of the felony petit theft sentence to an habitual violent felony offender sentence thereby increasing the maximum sentence to a potential ten years instead of five, with a minimum mandatory of five years pursuant to section 775.084(4)(b)3. Appellant urges that although a defendant's recidivism may be used to increase the punishment applicable in the instant case, it may not be used twice to increase the penalty for an offense. He posits that the distinction between reclassification of an offense (as with felony petit theft) and enhancement of a penalty for an offense (as with an HVFO sentence) is not significant in this case where appellant's punishment was "undoubtedly increased twice."
Moreover, appellant argues that the legislature did not intend this result, relying on the analysis employed in case law involving the issue of double enhancement by the reclassification of an offense coupled with the imposition of a minimum, mandatory sentence for use of a firearm. See, e.g., Williams v. State, 517 So.2d 681 (Fla. 1988) wherein the supreme court found it permissible to enhance an offense for the use of a firearm and then impose a minimum mandatory sentence for the use of the same firearm. In distinguishing Williams from the instant case, appellant argues that the minimum mandatory sentence imposed in Williams was not another sentence enhancement, as it did not increase the maximum penalty for the offense and could be imposed even if the underlying offense was not reclassified. He points out that it was also noted in that decision that the reclassification and mandatory *634 minimum provisions operated independently of each other and were not alternative methods of enhancement. To the contrary, he urges that the reclassification/enhancement methods utilized herein are dependent on each other and are alternative methods of enhancement.
We must disagree with appellant's premise that the provisions utilized herein are dependent on each other and are alternative methods of enhancement. The supreme court in State v. Harris, 356 So.2d 315 (Fla. 1978), ruled that the felony petit theft statute creates a substantive offense "and is thus distinguishable from section 775.084, the habitual criminal offender statute." Id. at 316. In that light, the rule is that "[d]ouble jeopardy seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense." State v. Hegstrom, 401 So.2d at 1345. Here, the legislature defined the offense of felony petit theft in section 812.014(2)(d). It then specifically made the offense subject to punishment "as provided in ss. 775.082, 775.083, and 775.084." (Emphasis added.) Thus, provided the procedural safeguards are complied with under section 775.084 in sentencing the defendant as an habitual violent felony offender, we see nothing in the respective statutes indicating that the legislature did not intend the sentence imposed herein.
Consequently, the present sentence is not dissimilar to the sentence analyzed in Williams v. State and does not run afoul of the double jeopardy provisions as discussed in State v. Hegstrom. As noted by the state, where possible full effect must be given to all statutory provisions, and related statutory provisions should be construed in harmony with one another. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). Further, as pointed out in State v. Whitehead, 472 So.2d 730 (Fla. 1985), punishment of crimes is a legislative matter, and absent an indication from the legislature that subsections are an "either/or proposition," both will be followed. Id. at 732. Since appellant can point to no expression of legislative will that indicates petit theft enhancement and habitual violent offender sentencing are an "either/or proposition," effect must be given to both.
However, because we perceive this issue to present a question of great public importance, we certify the following question to the supreme court:
WHETHER THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND FLORIDA CONSTITUTIONS WERE VIOLATED BY THE TRIAL COURT'S RECLASSIFYING APPELLANT'S OFFENSE AS FELONY PETIT THEFT AND THEN USING THAT FELONY CLASSIFICATION TO ENHANCE APPELLANT'S SENTENCE PURSUANT TO THE HABITUAL VIOLENT FELONY OFFENDER STATUTE.
AFFIRMED.
ERVIN, J., and CAWTHON, Senior Judge, concur.