ON MOTION FOR REHEARING
PER CURIAM.
Appellant seeks rehearing, or certification, of the court’s per curiam affirmance of the ten-year habitual felony offender sentence imposed by the trial court, upon revocation of his community control. As grounds therefor, appellant urges that one of the issues in this case concerned whether imposing an habitual felony offender sentence on a conviction of felony petit theft was a double sentence enhancement, thus a double jeopardy violation. Acknowledging that the issue was decided adversely to his position in Gayman v. State, 584 So.2d 632 (Fla. 1st DCA 1991), appellant requests certification of the question previously certified in Gayman, as a question of great public importance. We deny rehearing and certification, because our decision to affirm was not based upon the issue decided in Gayman.
Initially, appellant was charged in a three-count information with robbery with a deadly weapon, aggravated battery, and felony petit theft. All charges arose from a May 8, 1991, incident in which appellant threw a full drink can at a store employee from whom he was fleeing, after robbing the store. On June 28, 1991, the state filed a notice of intent to seek habitual felony offender sentencing. On July 17, 1991, appellant pled no contest to an amended charge of battery and to felony petit theft; the robbery charge was dismissed. After preparation of a presentence investigation report, the trial court adjudicated appellant guilty and imposed a sentence of time served on the battery charge, and a ten-year habitual felony offender sentence on the felony petit theft charge. The ten-year sentence was suspended, and appellant was placed on community control for two years, with the special condition that he enroll in and successfully complete a residential drug treatment program, as soon as space was available.
On September 21, 1991, an affidavit of violation of community control was filed, alleging that appellant violated three conditions of his community control. Appellant pled no contest to two of the alleged violations, and not guilty to the third. The trial court revoked the community control originally imposed in conjunction with a suspended sentence, and imposed the ten-year habitual felony offender sentence previously pronounced.
On appeal, appellant contended: (1) the double punishment resulting from enhancement of the misdemeanor petit theft to a felony, and enhancement of the felony petit theft under the habitual offender statute, violated double jeopardy principles; and (2) the initial sentence was an illegal sentence, as it was not a form of sentence authorized by rule or statute, as delineated in Poore v. State, 531 So.2d 161, 164 (Fla.1988). Because appellant did not appeal the original sentencing disposition in this cause, he has waived the right to challenge the sentencing disposition following revocation of community control. See King v. State, 597 So.2d 309, 312 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992).
Accordingly, the order imposing a ten-year habitual felony offender sentence is affirmed.
JOANOS, C.J., and SHIVERS and WEBSTER, JJ., concur.