616 So.2d 17 (1993)
Dorcy GAYMAN, Petitioner,
v.
STATE of Florida, Respondent.
Kelvin WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 78547, 79602.
Supreme Court of Florida.
February 11, 1993.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for Gaymon.
James Marion Moorman, Public Defender, and Timothy A. Hickey and Cecilia A. Traina, Asst. Public Defenders, Bartow, for Williams.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff and Anne Y. Swing, Asst. Attys. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Gayman v. State, 584 So.2d 632 (Fla. 1st DCA 1991), and Williams v. State, 596 So.2d 1148 (Fla. 2d DCA 1992), in which the district courts affirmed Petitioners' felony petit theft convictions and habitual felony offender sentences and certified the following question as one of great public importance:
WHETHER THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND FLORIDA CONSTITUTIONS WERE VIOLATED BY THE TRIAL COURT'S RECLASSIFYING [PETITIONER'S] OFFENSE AS FELONY PETIT THEFT AND THEN USING THAT FELONY CLASSIFICATION TO ENHANCE [PETITIONER'S] SENTENCE PURSUANT TO THE HABITUAL VIOLENT FELONY OFFENDER STATUTE.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative, approve, in part, the district court decision in Gayman, and approve the district court decision in Williams.
Petitioner Dorcy Gayman was found guilty of petit theft by a jury. At sentencing, the trial judge adjudicated Gayman guilty of felony petit theft under section 812.014(2)(d), Florida Statutes (1989), based on two prior convictions for petit theft. The judge then classified Gayman as a *18 habitual violent felony offender based on the instant conviction of felony petit theft and a previous felony conviction of aggravated battery. Gayman received a five-year sentence as a result of the felony petit theft, with a five-year minimum mandatory provision under the habitual violent felony offender statute.
Petitioner Kelvin Williams was arrested for retail theft, pleaded no contest, and was adjudicated guilty of felony petit theft under section 812.014(2)(d) because of two prior petit theft convictions. The trial judge sentenced him to three years as a habitual felony offender, to be followed by two years' probation based on the felony petit theft conviction at issue and a number of prior felony convictions, including burglary of a conveyance and sale of cocaine.
Gayman and Williams contend that their sentences are unconstitutional under the Double Jeopardy Clauses of the United States and Florida Constitutions. This contention is premised on the argument that, although each was convicted of only one offense for one act, namely, petit theft, each was punished twice for that one act. They argue that the first punishment was the reclassification of petit theft to felony petit theft under section 812.014(2)(d), and that the second punishment was the classification of each as a habitual offender under section 775.084, Florida Statutes (1989), based on their prior felony records. Thus, they assert that their past records were unconstitutionally used twice to increase the punishment. Although they acknowledge that a defendant's recidivism may be used to increase the punishment, they argue that it may not be used twice to increase the punishment.
Petitioners acknowledge that in State v. Harris, 356 So.2d 315 (Fla. 1978), this Court determined that felony petit theft under section 812.014(2)(d) was a separate, substantive offense rather than an enhanced penalty.[1] However, they contend that we determined felony petit theft to be a substantive offense merely because to have held otherwise would have caused jurisdictional problems between county and circuit courts. Petitioners assert that, in reality, an adjudication of felony petit theft under 812.014(2)(d) is an enhancement of petit theft to felony petit theft and, consequently, like the habitual felony offender statute, such an enhancement provides an increased punishment for a repeat offender. Additionally, they assert that the felony petit theft statute and the habitual felony offender statute are dependent on each other and are alternative methods of enhancement because, if the petit thefts had not been elevated to felony petit thefts, the habitual offender classifications in these cases would not have been possible  hence, the multiple punishments resulting in violations of the Double Jeopardy Clause. We disagree.
While the United States and Florida Constitutions do prohibit courts from imposing multiple punishments for the same offense,[2] we find that principle is not implicated under these circumstances. In Harris, we upheld the constitutionality of section 812.014(2)(d) and specifically determined that felony petit theft was a separate substantive offense. That statutory provision reads, in pertinent part, as follows:
Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony in the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
(Emphasis added). Before our decision in Harris, when a defendant was charged with felony petit theft, a jury decided whether a defendant was guilty or innocent of felony petit theft based on the facts of the case and the defendant's prior petit theft convictions. Thus, the jury was privy *19 to a defendant's prior record  evidence generally not otherwise admissible. Upon reviewing this procedure in Harris, we determined that, while the legislature had the right to create the substantive offense of felony petit theft, we had the right to dictate the procedure to be used in establishing the elements of the offense. Because of due process concerns, we determined that the appropriate procedure was to first try a defendant for the petit theft without bringing to the jury's attention the defendant's prior petit theft convictions. Then, after the defendant was convicted of the third petit theft, the trial judge would determine, in a separate proceeding, whether the defendant had, in fact, been convicted of the alleged prior petit thefts. Once the trial judge established the defendant's prior petit theft convictions, the defendant would be adjudicated guilty of felony petit theft.
As we acknowledged in Harris, the legislature, in enacting section 812.014(2)(d), has determined that a third or subsequent conviction for petit theft is the separate, substantive offense of felony petit theft and not simply an enhanced punishment. The procedure for first trying a defendant for petit theft is simply to protect the defendant's rights; it in no way changes the nature of the offense of felony petit theft as defined by the legislature.
Each petitioner in this case had at least two prior petit theft convictions, and they were each guilty of the substantive offense of felony petit theft as a separate felony. Based on a felony petit theft conviction as one felony, together with other previous felony convictions, each of the petitioners was sentenced as a habitual offender under section 775.084. We find that the habitualization under section 775.084 was independent of the petitioners' prior petit thefts.
Accordingly, we find that the punishment imposed on each petitioner does not violate double jeopardy principles. For the reasons expressed, we answer the certified question in the negative, approve, in part, the district court decision in Gayman, and approve the district court decision in Williams. Nevertheless, based on our recent decision in State v. Johnson, 616 So.2d 1 (Fla. 1993), we find that we must remand Gayman's case for resentencing. The record reflects that Gayman was sentenced as a habitual violent felony offender under an amendment (the addition of aggravated battery) to section 775.084 contained in chapter 89-280, Laws of Florida. In Johnson, we determined that chapter 89-280 violated the single subject provision of article III, section 6, of the Florida Constitution. As such, Gayman's sentence is unconstitutional. Consequently, we remand Gaymon's case for resentencing in accordance with our decision in Johnson.
It is so ordered.
McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in part and dissents in part with an opinion.
BARKETT, Chief Justice, concurring in part, dissenting in part.
Although I agree with the result reached by the majority in Gayman, I do not agree that, absent our decision in State v. Johnson, 616 So.2d 1 (Fla. 1993), the sentences imposed upon Gayman and Williams were permissible. I would answer the certified question in the affirmative.
In Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983), the United States Supreme Court wrote that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Accordingly, before reaching the question of any possible constitutional violation, the law requires us to examine legislative intent. See, e.g., State v. Smith, 547 So.2d 613, 614 (Fla. 1989).
In these cases, Gayman and Williams were each convicted of one offense: petit theft. However, the potential punishment for each defendant was enhanced twice: first, from 60 days to 5 years under the petit theft reclassification statute[3] and second, *20 from 5 years to 10 years with a 5-year minimum mandatory under the habitual offender statute.[4] Both statutes at issue provide for enhanced punishment for repeat offenders. The real issue in this case is whether these alternative methods of punishment were intended also as cumulative methods of punishment.
The Florida Legislature has not specifically indicated whether the two statutes were supposed to work in tandem. Compare § 812.014(2)(d), Fla. Stat. (1989), with § 775.084, Fla. Stat. (1989). Consequently, because there is no clear expression of legislative intent regarding the operation of these statutes, our precedent requires that they be strictly construed.
As we stated in Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991), "[o]ne of the fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter." This rule has also been codified by the Florida Legislature. Section 775.021(1), Florida Statutes (1989), provides:
The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
In simple terms, this rule means that courts must decline to impose a punishment that has not plainly and unmistakably been authorized by the legislature. Smith, 547 So.2d at 621 (Barkett, J., concurring in part, dissenting in part). This rule lies at the very heart of due process and the guarantee against double jeopardy. See Smith, 547 So.2d at 621 (Barkett, J., concurring in part, dissenting in part).
In these cases, the defendants' past records were twice used to increase their punishments. Thus, Gayman and Williams were punished twice for their recidivism. Absent a clear and specific indication that the Florida Legislature intended to authorize the punishments imposed in these cases, I would follow our precedent and the established rules of statutory construction, and find that double sentencing under the habitual offender statute and the petit theft reclassification statute is impermissible.
NOTES
[1] In Harris, we reviewed section 812.021(3), Florida Statutes (1977), the predecessor to section 812.014(2)(d) which is the provision at issue here.
[2] See, e.g., Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) (double jeopardy protects against multiple punishments for same offense as well as from second trial for same offense), overruled on other grounds, State v. Enmund, 476 So.2d 165 (Fla. 1985).
[3] § 812.014(2)(d), Fla. Stat. (1989).
[4] § 775.084, Fla. Stat. (1989).