EN BANC
PER CURIAM.
John Anthony Carter appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion, holding that it lacked jurisdiction because Carter’s direct appeal was *604 pending. We affirm because Carter s claim is not based on a clerical error. On our own motion, we have considered this case en banc in order to recede from Curry v. State, 657 So.2d 50 (Fla. 2d DCA 1995), review granted, 676 So.2d 412 (Fla.1996), to the extent that it appears to broaden a trial court’s jurisdiction to rule on anything more than a clerical error under rule 3.800(a) when the defendant has a direct appeal pending.
In Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992), we held that the trial court had “concurrent jurisdiction to correct an illegal sentence which may have resulted from a clerical oversight.” 596 So.2d at 103-104 (emphasis added). Curry cited Easter-ling to support its holding that the trial court had concurrent jurisdiction but failed to note that jurisdiction was limited to the correction of clerical errors. Accordingly, we recede from Curry and reiterate that when a direct appeal is pending, a trial court retains jurisdiction to correct only clerical mistakes under rule 3.800(a).
In Carter’s case, there is no indication that his claim is based on a clerical error. Thus, the trial court correctly held that it did not have jurisdiction. Accordingly, we affirm.
THREADGILL, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, FRANK, PARKER, PATTERSON, ALTENBERND, BLUE, LAZZARA, FULMER, QUINCE and WHATLEY, JJ., concur.