PER CURIAM.
Clark invokes Ride 3.800, Florida Rules of Criminal Procedure, to assert that he was erroneously sentenced as an habitual offender because the earliest of his two prior felonies was not committed within five years of the felony for which he was sentenced. In making his claim, Clark has misinterpreted section 775.084(1), Florida Statutes! Subsection 775.084(l)(a)2, Florida Statutes, requires only that a defendant’s last prior felony or qualified offense conviction be within five years of the date of the current felony offense. Clark’s conviction of burglary of a structure in Florida in 1994 is his last prior felony and his October, 1981 conviction in Mississippi for a similar offense did not have to occur within the five year period.
*817 Clark’s claim is -without merit and we affirm the denial of the motion.
AFFIRMED.
PETERSON, C.J., and GRIFFIN and ANTOON, JJ., concur.