691 So.2d 1148 (1997)
John BERCH, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3660.
District Court of Appeal of Florida, Third District.
April 16, 1997.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and SHEVIN, JJ.
JORGENSON, Judge.
Defendant appeals from a judgment of conviction for felony petit theft and from a habitual offender sentence. We affirm the conviction on the felony petit theft charge, but reverse the trial court's imposition of a habitual felony offender sentence and remand for resentencing.
Defendant was charged with robbery arising from a 1995 shoplifting incident. The State filed a notice of seeking an enhanced penalty under the habitual offender statute. After the jury was sworn, the State moved to amend the information to include written notice that if defendant was found guilty of the *1149 lesser included offense of petit theft, defendant was also charged with felony petit theft. The jury found defendant guilty of petit theft; the trial court adjudicated defendant guilty of felony petit theft and sentenced him to five years in state prison as a habitual felony offender.
We find no error in the State's amendment of the information to include the charge of felony petit theft; the record indicates that defendant and his attorney knew that the State intended to seek an enhanced penalty for felony petit theft. Before trial, the court and counsel, in defendant's presence, discussed defendant's prior theft convictions, and the court had referred to those prior convictions as precluding it from approving a proposed plea agreement of twenty months imprisonment as a habitual offender.
However, the trial court erred in sentencing defendant as a habitual offender. In 1992, the Florida legislature amended the felony petit theft statute to provide that a person "who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083." § 812.014(2)(d), Fla. Stat. (1993) (emphasis added). Under the pre-1992 statute, a person who was convicted of petit theft "[u]pon a third or subsequent conviction for petit theft" was "guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084." § 812.014(2)(d) (1991) (emphasis added). The 1992 amendment deleted any reference to section 775.084, the habitual offender statute. The Committee Notes on the 1992 amendment provide that "[T]he changes in the committee substitute provide the person who is prosecuted on an enhanced penalty for petit theft is not subject to habitual offender penalties." Staff of Fla. Comm. On Crim. Just., HB 421 (1992) Staff Analysis 6 (emphasis added). Where the legislature amended the petit theft statute and excluded a prior reference to the habitual offender section, the trial court erred in interpreting the statute to allow a habitual offender sentence.
The omission of a word in the amendment of a statute will be assumed to have been intentional. And, where it is apparent that substantial portions of a statute have been omitted by process of amendment, the courts have no express or implied authority to supply omissions that are material and substantive, and not merely clerical and unconsequential [sic].
Gunite Works, Inc. v. Lovett, 392 So.2d 910, 911 (Fla. 1st DCA 1980), (quoting Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364-65 (Fla.1978)). Cf. Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995) (where legislature uses term in one section of statute but omits same term from other section, court "will not imply it where it has been excluded"). Accordingly, we reverse that portion of defendant's sentence that classified him as a habitual offender.
Affirmed in part; reversed in part; remanded with directions to resentence defendant.[1]
NOTES
[1] On remand, the trial court is free to resentence defendant to any lawful sentence. If, however, it chooses to depart from a guidelines sentence, it must give contemporaneous written reasons for its departure.