702 So.2d 559 (1997)
Joseph RIDLEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 96-04825, 96-02908.
District Court of Appeal of Florida, Second District.
November 14, 1997.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
These consolidated appeals challenge the trial court's determination that Joseph Ridley's convictions for felony petit theft[1] were subject to further enhanced penalties under the habitual offender statute, section 775.084, Florida Statutes (1995). Initially the trial court found Ridley to be a habitual offender and imposed a sentence of community control. That sanction is the subject of appeal in this court's case number 96-02908. While that appeal was pending in this court, Ridley violated the terms of his supervision and the trial court imposed a habitual offender prison sentence, resulting in appeal number 96-04825. In this latter appeal, Ridley has agreed to forego any challenge to the trial court's finding that he violated the terms of his supervision. The parties concur that the sentences imposed in case number 96-02908 did not comport with the penalties authorized for the crimes; the same principles apply to the challenge to the sentences in case number 96-04825, and that appeal has been decided by consent of the parties without briefing.
Prior to 1992, section 812.014(2)(d), Florida Statutes (1991), provided that sentencing for felony petit theft was governed by sections 775.082 (general criminal penalties), 775.083 (criminal fines), or 775.084 (habitual offenders), Florida Statutes (1991). Effective October 1, 1992, however, the statute was amended by chapter 92-79, § 1, Laws of Florida, and reference to the habitual offender statute, section 775.084, was deleted. See § 812.014(2)(d), Fla. Stat. (Supp.1992), now renumbered as § 812.014(3)(c) (1995), the statute which is the subject of this appeal.
When the legislature amends a statute by omitting words, or, in this instance, reference to a statute, the general rule of construction is to presume that the legislature intended the statute to have a different meaning from that accorded it before the amendment. See Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280, 283 (Fla.1992). Additionally, the Third District has pointed out that the Committee Notes on the 1992 *560 amendment provide that "the changes in the committee substitute provide the person who is prosecuted on an enhanced penalty for petit theft is not subject to habitual offender penalties." Berch v. State, 691 So.2d 1148, 1149 (Fla. 3d DCA 1997), citing the Staff of Fla. Comm. On Crim. Just., HB 421 (1992) Staff Analysis 6 (emphasis added in Berch.)
The trial court's treatment of Ridley as a habitual offender when it placed him on community control, before this court in case number 96-02908, although error, has been mooted by the intervening revocation of that supervision. We dismiss that appeal. Case number 96-04825 challenges the habitual offender prison sentence Ridley now serves. We concur with Berch and the parties to this appeal. Ridley's habitual offender sentences for convictions for felony petit theft therein must be reversed and he must be resentenced in accordance with the guidelines.
Appeal number 96-02908 dismissed; appeal number 96-04825 reversed and remanded for resentencing.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.
NOTES
[1] Ridley was charged in five separate informations with violating section 812.014(3)(c), Florida Statutes (1995), which elevates the misdemeanor of petit theft to a felony if the accused has previously been convicted two or more times of any degree of theft.