724 So.2d 121 (1998)
George BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3352.
District Court of Appeal of Florida, First District.
November 17, 1998.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We withdraw our previous opinion and substitute this opinion. Appellant contends that his conviction for felony petit theft was not subject to enhancement under the habitual felony offender statute because the legislature, in 1992, amended section 812.014, Florida Statutes, to eliminate habitual felony offender sentencing for felony petit theft. See Ridley v. State, 702 So.2d 559 (Fla. 2d *122 DCA 1997); Berch v. State, 691 So.2d 1148 (Fla. 3d DCA 1997). The issue is whether appellant may raise on direct appeal this sentencing error, which was never objected to by his trial counsel.
In Nelson v. State, we considered whether the same unpreserved sentencing error could be heard on appeal as fundamental error. No. 97-3435, 23 Fla. L. Weekly D2241, 719 So.2d 1230 (Fla. 1st DCA 1998)(en banc). This court noted that in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), the supreme court announced that a sentence is illegal "by definition" when it "patently fails to comport with statutory or constitutional limitations." Applying Mancino to the direct appeal of a criminal conviction, Nelson found that a sentence which fails to comport with the statutory limitations of section 812.014 is remediable as fundamental error. Accordingly, appellant's habitual felony offender sentence is VACATED, and this case is REMANDED for resentencing.
BARFIELD, C.J., JOANOS and KAHN, JJ., concur.