GRIFFIN, J.
Defendant, Alfonzo Edwards, appeals the summary denial of his Rule 3.800(a) motion. Defendant claims that he was improperly sentenced as an habitual felony offender because the trial court relied on a prior conviction for possession of a controlled substance which defendant contends cannot be used as a predicate offense for habitualization.
Section 775.084(l)(a)3, Florida Statutes, requires that “[t]he felony for which the defendant is to be sentenced and one of the two prior felony convictions, is not a violation of section 893.13 relating to the purchase or the possession of a controlled substance.” Section 775.084(l)(a)2 provides that the felony for which the defendant is being sentenced must be committed within five years of defendant’s last prior felony or defendant’s release from a prison sentence for a felony. Defendant received an habitual offender sentence for sale of cocaine within 1000 feet of a school. Although one of his prior convictions was a violation of section 893.13, the sentencing transcript attached to the trial court’s order confirms that defendant’s other prior convictions were for aggravated assault, attempted kidnapping, false imprisonment, battery, resisting arrest without violence and accessory to armed robbery.
Defendant complains that his new offense was not committed within five years of release from prison for a qualified predicate offense, arguing that the possession offense does not qualify for use as a predicate. Nothing in the statute, however, prohibits sentencing a defendant as a habitual felony offender when the current offense was committed within five years of, release from prison for a conviction for purchase or possession of a controlled substance in violation of 893.13. As we pointed out in Clark v. State, 681 So.2d 816 (Fla. 5th DCA 1996), the habitual felony offender statute only requires that defendant’s last prior felony conviction, or release from prison, be within five years of the date of the current offense.
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.