744 So.2d 1209 (1999)
Leonard James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-03958.
District Court of Appeal of Florida, Second District.
November 10, 1999.
PER CURIAM.
Leonard James Brown challenges the trial court's dismissal of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court based its dismissal upon Carter v. State, 680 So.2d 603 (Fla. 2d DCA 1996), and reasoned that it was deprived of jurisdiction to hear the motion because of a pending appeal in this court of the judgment and sentence. We reverse.
In Johnson v. State, 697 So.2d 1304 (Fla. 2d DCA 1997), this court determined that Florida Rule of Appellate Procedure 9.600(d) provides concurrent jurisdiction to trial courts during the pendency of direct appeals to correct sentencing errors, and the rule broadened the variety of these errors subject to correction beyond the mere clerical errors discussed in Carter. As Brown's sentencing occurred after January 1, 1997, the effective date of the rule, he benefits from this interpretation.
Brown complains substantively that his habitual offender sentence is illegal because his conviction for felony petit theft is not subject to enhancement pursuant to section 775.084, Florida Statutes (1997). Ridley v. State, 702 So.2d 559 (Fla. 2d DCA 1997), supports this contention. The record provided by Brown indicates that *1210 the trial court imposed a ten-year habitual offender sentence for a third-degree felony that is not subject to this further enhancement after the petit theft is elevated from a misdemeanor to a felony. If this is the case, Brown's sentence is impermissible as a matter of law, and is subject to correction in a rule 3.800(a) proceeding. See Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991).
Reversed and remanded for consideration of Brown's motion on its merits.
WHATLEY, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.