STEVENSON, J.
Appellant, James Hope, pled guilty to burglary of a structure (count I) and felony petit theft (count II). The trial judge sentenced Hope to seven years as an habitual felony offender for count I and to seven years as an habitual felony offender for count II. Appellant argues, and the State concedes, that an habitual felony offender sentence may not be imposed for the crime of felony petit theft. A person who commits petit theft, and who has previously been convicted of two or more theft offenses, commits felony theft, a third degree felony. See § 812.014, Fla. Stat. (1997). The felony petit theft statute does not provide for sentencing as an habitual offender under Florida Statutes section 775.084. See § 812.014, Fla. Stat.; Burke v. State, 734 So.2d 1175 (Fla. 4th DCA 1999); Ridley v. State, 702 So.2d 559 (Fla. 2d DCA 1997); Berch v. State, 691 So.2d 1148 (Fla. 3d DCA 1997). Moreover, since the seven-year sentence imposed by the trial court exceeds the five-year statutory *658 maximum for this third degree felony, the error is fundamental and can be raised and corrected on direct appeal despite the fact that Hope did not preserve the issue; a point the State, again, concedes. See e.g., Henderson v. State, 720 So.2d 1121 (Fla. 4th DCA 1998).
Reversed and remanded for re-sentencing as to count II.
WARNER, C.J., and GROSS, J., concur.