PALMER, J.
James Douglas Vucinich appeals his ten year habitual offender sentence imposed on his conviction for felony driving with a suspended license. We affirm.
Vucinich was convicted by a jury of felony driving with a suspended license in violation of section 322.34(2) of the Florida Statutes (1999). Based upon his extensive criminal record, including prior convictions for felony petit theft, possession of controlled substances, grand theft, burglary, false pretense to property, and violation of probation, Vucinich was sentenced as an habitual offender pursuant to section 775.084 of the Florida Statutes (1999).
Vucinich first challenges his sentence, arguing that the trial court’s decision to adjudicate him as a habitual offender constitutes double enhancement which resulted in the imposition of an illegal sentence. To that end he maintains that his conviction for felony driving without a license, which resulted from the enhancement of the misdemeanor charge of driving without a license to a third degree felony due to his prior suspensions, was improperly further enhanced when the trial court declared him to be an habitual offender. To support this argument, Vucinich relies on Brown v. State, 744 So.2d 1209 (Fla. 2nd DCA 1999). In Brown, the Second District reversed an habitual offender sentence imposed upon a petit theft conviction which had been elevated from a misdemeanor to a felony. The basis of that decision was that the petit theft statute in question had specifically been amended to prohibit the imposition of an habitual offender sentence arising from the violation thereof.[1] In contrast, section 322.34(2) specifically references the habitu-alization statute as a possible sentencing option. Accordingly, Brown is not controlling.
Vucinich also relied on Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999). Such reliance is misplaced. First, this court explicitly rejected the rationale of Oliveira in King v. State, 763 So.2d 546 (Fla. 5th DCA 2000). In addition, the Fourth District recently receded from Oliveira in Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000) (en banc).
Vucinich also contends that his ten year sentence constitutes cruel and unusual punishment. We disagree. Given Vuci-nich’s long criminal record, he is just the type of person the habitual offender statute contemplates. See Collier v. State, 649 So.2d 363 (Fla. 5th DCA 1995); See also Lookadoo v. State, 737 So.2d 637 (Fla. 5th DCA 1999)(Sharp, J., dissenting).
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.

. Prior to that amendment the Florida Supreme Court held that habitualization under that statute was legal. Gayman v. State, 616 So.2d 17 (Fla.1993).