PER CURIAM.
Gary Ramone Phillips appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied relief, reasoning that appellant could not complain of an illegal sentence where he enjoyed the benefits and participated in the conditions of the sentence. We reverse.
Appellant contends that the habitual offender sentence imposed for his felony pet-it theft convictions should not have been enhanced pursuant to 775.084, Florida Statutes (1995). See Ridley v. State, 702 So.2d 559 (Fla. 2nd DCA 1997). We agree that appellant’s habitual felony offender (ten-year) sentence for' the felony petit theft conviction is illegal, failing to comport with statutory limitations. See Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998); Baker v. State, 724 So.2d 121 (Fla. 1st DCA 1998). Appellant could not be deemed to have agreed to such a sentence and he properly raised the claim in a rule 3.800(a) proceeding. See Wilson v. State, 752 So.2d 1227, 1229 (Fla. 5th DCA 2000); Brown v. State, 744 So.2d 1209 (Fla. 2nd *335 DCA 1999). Therefore, we reverse the denial of appellant’s 3.800 motion and remand to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WEBSTER, DAVIS and BENTON, JJ„ concur.