SUAREZ, J.
Eddie Turner appeals from the denial of his petition to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
Of the three prior felony offenses that the State proffered as predicate offenses for habitual offender sentencing, only the felony littering conviction qualifies under the habitual offender statute. § 775.084(l)(a), Fla. Stat. (2011).[1] The statute governing violation of the Florida Litter Law, section 403.413, Florida Statutes (2008), does not authorize a habitual offender sentence enhancement under section 775.084. The omission of section 775.084 penalties from section 403.413 pertains, however, only to the offense of felony littering then before the court for sentencing. See McFadden v. State, 732 So.2d 335, 337 (Fla. 1st DCA 1998), approved, 737 So.2d 1073 (Fla.1999). The offense for which the defendant is currently convicted is manslaughter, not felony littering. Accordingly, the third degree felony littering conviction, occurring within five years of the date of the current manslaughter offense, was properly used as a qualifying prior offense for purposes of habitual offender sentencing.[2] Id. Cf. Hope v. State, 751 So.2d 657 (Fla. 4th DCA 1999) (finding that enhanced sentencing was improperly applied to an offense that did not statutorily provide for habitual offender sentencing under section 775.084); Berch v. State, 691 So.2d 1148 (Fla. 3d DCA 1997) (same).
Affirmed.

. The trial court may impose a habitual offender sentence if the defendant had previously been convicted of two or more felonies, and the felony under consideration was committed within five years of either the conviction date or the date of release from incarceration or supervision imposed as a result of the prior felony. The habitual offender statute "requires only that a defendant's last prior felony (or release from imprisonment) ... be within five years of the date of the current felony offense.” Middleton v. State, 721 So.2d 792, 792 (Fla. 3d DCA 1998) (citing to Clark v. State, 681 So.2d 816 (Fla. 5th DCA 1996)); Gutieirez v. State, 854 So.2d 218 (Fla. 3d DCA 2003) (holding that five-year time period described in the habitual offender statute applies only to the most recent predicate felony).

. The remaining two, third-degree felony convictions proffered by the State as requisite predicate offenses fall outside of the five-year capture window for applying the habitual offender statute.