NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JENNIFER VASSEUR, )
)
      Appellant, )
)
v. )    Case No. 2D17-1778
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

Opinion filed August 3, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; J. Kevin Abdoney, Judge.

Jennifer Vasseur, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa,
for Appellee.

MORRIS, Judge.

      Jennifer Vasseur appeals the summary denial of her motion to correct

illegal sentences filed under Florida Rule of Criminal Procedure 3.000(a). We reverse

and remand for further proceedings.

      Ms. Vasseur entered into an agreement with the State that required her to

plead guilty to grand theft and making false entries on corporate books and to pay

$20,729.69 in restitution to the victims. Sentencing was deferred for sixty days to allow

Ms. Vasseur to secure the restitution funds. The State agreed to recommend six months in jail followed by seven years' probation if Ms. Vasseur fulfilled her obligation. But if she did not pay the restitution at sentencing, then her plea became "open" and the trial court could sentence her up to twenty years in prison. Ms. Vasseur could not raise the restitution amount, so the trial court sentenced her to seven years' incarceration, followed by five years' probation for the grand theft conviction, and to five years' probation for the conviction for false entry on corporate books.

Simply put, Ms. Vasseur's sentences are illegal. Recently in Noel v. State, 191 So. 3d 370, 375 (Fla. 2016), our supreme court reviewed the purpose of restitution. It looked at U.S. Supreme Court cases holding that to impose a longer sentence because a defendant cannot pay restitution violates an indigent defendant's due process rights. After considering these precedents, our supreme court found that the length of Noel's sentence was "expressly conditioned on whether or not Noel paid the [restitution] sum within sixty days." Id. at 379. Because Noel lacked the resources to make the restitution, he effectively received an increase of two years' incarceration to his sentence. "This automatic deprivation of two years of Noel's freedom is 'contrary to the fundamental fairness required by the Fourteenth Amendment.' " Id. (quoting Bearden v. Georgia, 461 U.S. 660, 673 (1983)). The Noel court extended the Bearden holding to Noel's circumstances by reasoning that "a sentence providing for a reduction of prison time upon the payment of restitution is no different than a trial court imposing a lengthier sentence if the defendant fails to make a restitution payment." Noel, 191 So. 3d at 379. Finally, the court determined that such sentencing structure was fundamental error. Id. at 380; see also Nezi v. State, 119 So. 3d 517, 522 (Fla. 5th

DCA 2013) (holding that the imposition of a shorter term for a defendant who can and does pay, but a longer term if she cannot and does not pay violates the Equal Protection Clause); cf. Dirico v. State, 728 So. 2d 763, 766 (Fla. 4th DCA 1999) (reversing sentence entered pursuant to plea agreement because it illegally provided that the defendant would waive his defense of inability to pay restitution as a condition of probation).

Contrary to the State's argument, it does not matter that her sentences were entered pursuant to a plea agreement because she cannot agree to an illegal sentence. In Phillips v. State, 783 So. 2d 334, 334 (Fla. 1st DCA 2001), the First District rejected the postconviction court's reasoning that the appellant could not claim his sentence was illegal because he agreed to the plea and "participated in the conditions of the sentence." The court held that the appellant could not have agreed to an illegal sentence and he properly raised the claim in a rule 3.800(a) motion. Id.; see also Smith v. State, 933 So. 2d 723, 725 (Fla. 2d DCA 2006) (considering a similar plea agreement and noting that basing a sentence on money was questionable and "morally repugnant").

Here, because Ms. Vasseur did not have $20,729.69 at sentencing to pay restitution to the victims, her sentence was illegally increased from six months in county jail to seven years in prison. Accordingly, we reverse the denial of her motion to correct illegal sentence and remand to the trial court for further proceedings. In light of this disposition, we do not reach Ms. Vasseur's second issue on appeal.

Reversed and remanded.

NORTHCUTT and BADALAMENTI, JJ., Concur.