NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARLIE JOAN WESTERVELT,      )
                             )
        Appellant,           )
                             )
v.                           )        Case No. 2D17-4639
                             )
STATE OF FLORIDA,            )
                             )
        Appellee.            )
_____  )

Opinion filed July 17, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; Peter F. Estrada,
Judge.

Marlie Joan Westervelt, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

        Marlie Joan Westervelt appeals from an order denying her motion to

correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).

We affirm.

By written plea form signed by Westervelt, defense counsel, and the prosecutor, Westervelt pleaded guilty to eight finance-related offenses in exchange for a sentence of ten years in state prison followed by thirty years' probation. Westervelt's plea form set restitution at $1,165,811.85 but recited this additional provision:

> If, prior to the sentencing date, defendant pays restitution, or places restitution into her attorney's trust account, the State agrees to reduce the amount of time in Florida State Prison as follows: For each $200,000 paid in restitution, Defendant shall receive one (1) less year in Florida State Prison.
>
> ** The prison sentence will not be reduced below five (5) years. Defendant shall be sentenced to at minimum, five (5) years in prison.

As stated in the plea form, sentencing was postponed for about six weeks for the purpose of conducting a presentence investigation. Westervelt did not attach transcripts of her plea and sentencing hearings to her rule 3.800(a) motion, nor are such transcripts found elsewhere in the record before us. The judgment and sentence reflect an adjudication of guilt and the ten-year incarcerative and thirty-year probationary sentence but do not mention the additional provision. Westervelt did not file a direct appeal.

In her rule 3.800(a) motion, Westervelt argued that the additional provision on the plea form violates due process and equal protection and that she could not agree to an illegal sentence. The postconviction court denied the motion, ruling that the "potential for sentence reduction was a detail of negotiations between Defendant and the State—it was not a part of Defendant's sentence" and that Westervelt's "sentence of imprisonment was not conditioned upon the payment of any monies."

Although at first blush recent court decisions concerning the type of arrangement reflected in the additional provision on Westervelt's plea form would seem

to be in her favor, we distinguish those decisions based on the limited record before us.

The state of the law was recently summarized by this court:

> [I]n Noel v. State, 191 So. 3d 370, 375 (Fla. 2016), our supreme court reviewed the purpose of restitution. It looked at U.S. Supreme Court cases holding that to impose a longer sentence because a defendant cannot pay restitution violates an indigent defendant's due process rights. After considering these precedents, our supreme court found that the length of Noel's sentence was "expressly conditioned on whether or not Noel paid the [restitution] sum within sixty days." Id. at 379. Because Noel lacked the resources to make the restitution, he effectively received an increase of two years' incarceration to his sentence. "This automatic deprivation of two years of Noel's freedom is 'contrary to the fundamental fairness required by the Fourteenth Amendment.'" Id. (quoting Bearden v. Georgia, 461 U.S. 660, 673, 103 S. Ct. 2064, 76 L.Ed.2d 221 (1983)). The Noel court extended the Bearden holding to Noel's circumstances by reasoning that "a sentence providing for a reduction of prison time upon the payment of restitution is no different than a trial court imposing a lengthier sentence if the defendant fails to make a restitution payment." Noel, 191 So. 3d at 379.

Vasseur v. State, 252 So. 3d 387, 388 (Fla. 2d DCA 2018) (second alteration in original).

In Noel, 191 So. 3d at 372-73, on conflict review in the supreme court following a direct appeal of the defendant's judgment and sentence, the court included an extensive quotation from the sentencing colloquy that reflected the trial court's active involvement in the discussion of how much money for restitution the defendant could come up with in order to have his sentence reduced. The trial court announced a sentence of ten years' imprisonment, mitigated to eight years if the defendant could submit $20,000 as a partial restitution payment within sixty days. Id. at 373. The defendant was unable to do that, so he received the longer sentence. Id. The supreme

court concluded that "the trial court's sentence violated Noel's due process rights." Id. at 379.

The court's opinion in Nezi v. State, 119 So. 3d 517, 518-21 (Fla. 5th DCA 2013), another direct appeal and the conflict case in Noel, similarly reflects a lengthy sentencing colloquy in which the trial court quizzed the defendant as to how much restitution she could pay up front in order to receive a "modification" of her sentence. The appellate court concluded that "the equal protection clause prohibits a judge from conditioning a lower sentence on the payment of restitution."[1] Id. at 522.

Vasseur appears to be the first and thus far only published opinion in which the defendant sought relief on the same restitution issue using a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Although the opinion does not quote the sentencing colloquy, it does reflect the trial court's involvement in sentencing. Vasseur, 252 So. 3d at 388 ("Ms. Vasseur could not raise the restitution amount, so the trial court sentenced her to seven years' incarceration . . . ."). Concluding that "because Ms. Vasseur did not have $20,729.69 at sentencing to pay restitution to the victims, her sentence was illegally increased from six months in county jail to seven years in prison," we reversed the order denying her rule 3.800(a) motion. Id. at 389.

In contrast to the trial court records that were before the reviewing courts in Noel, Nezi, and Vasseur, in the present case the record before us includes only the information, the plea form, and the judgment and sentence documents. As Westervelt

---

[1]In Noel the supreme court stated that "[w]hile the district court in Nezi concluded that the defendant's sentence violated the equal protection clause, a due process analysis is preferred." 191 So. 3d at 380 n.8 (citation omitted).

took no direct appeal, it is possible that no transcripts of the plea and sentencing hearings were created. Because our limited record does not contain those transcripts, we have no knowledge of how the conversation among the court, Westervelt, and the parties' attorneys may have proceeded.[2] Cf. Nezi, 119 So. 3d at 522 ("[T]he equal protection clause prohibits a judge from conditioning a lower sentence on the payment of restitution." (Emphasis added.)). We are therefore compelled to conclude that the record fails to establish that the sentence imposed by the trial court was illegal. We thus affirm the postconviction court's order. Cf. Nielson v. State, 984 So. 2d 587, 588 (Fla. 2d DCA 2008) ("[W]e reject the proposition that a defendant can claim a sentence is illegal based on an alleged discrepancy between an oral pronouncement and a written sentence regarding whether the sentence is concurrent or consecutive to other sentences without a transcript of the sentencing hearing or other indisputable evidence of record to support the claim.").[3]

Affirmed.

KELLY, J., Concurs in result only.
BADALAMENTI, J., Concurs.

---

[2]For example, it is possible that the problematic nature of the agreement as to sentencing was noted at one of the hearings. If Westervelt nevertheless proceeded with a guilty plea while understanding that restitution would not affect sentencing, then she may not be entitled to relief.

[3]Nielson additionally has an extensive discussion on the burden of producing a transcript for rule 3.800(a) purposes. 984 So. 2d at 587-90; see also Johnson v. State, 60 So. 3d 1045, 1051 (Fla. 2011) (comparing the burdens in cases in which motions are brought under Florida Rules of Criminal Procedure 3.850 and 3.800(a)).