WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of escape. Appellant was sentenced to a 30-year term of imprisonment as an habitual violent felony offender. We find that sentencing errors require that this sentence be vacated, and the cause must be remanded for resentencing.
Appellant’s conviction for escape was predicated upon his failure to return to a correctional facility until the day following the expiration of a 12-hour furlough. Appellant sought to present evidence that while on furlough he argued with his girlfriend, suggesting that this caused him to lose track of the time. Earlier decisions indicate that the offense of escape requires an intent to avoid lawful confinement. See Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978); Helton v. State, 311 So.2d 381 (Fla. 1st DCA 1975). But in the present instance the state established a prima facie case, to which appellant’s only available defense was one of necessity predicated upon imminent danger of death or great bodily harm. See Watford; Meuro v. State, 445 So.2d 374 (Fla. 3d DCA 1984). Appellant’s argument with his girlfriend was not relevant either to this or any other asserted issue supported by the record, and the court thus properly declined to admit the evidence.
Appellant was sentenced as an habitual violent felony offender under section 775.084, Florida Statutes, as amended in 1988. This amendment was not yet effective when appellant committed his offense, and the state agrees that under the ex post facto analysis of Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), and Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988), the amendment may not be applied in sentencing appellant for this offense. Although no objection was made below, this is a fundamental error which requires resentencing. On remand the court may consider the applicability of an habitual offender sentence under section 775.084, Florida Statutes, as it existed at the time of appellant’s offense. See Holmes v. State, 502 So.2d 1302 (Fla. 1st DCA 1987), pet. for rev. dismissed 520 So.2d 270 (Fla.1988).
The sentencing guidelines score-sheet which the court utilized included a computation for legal constraint at the time of the offense. It has been established that the constraint from which an offender escapes should not be separately scored on a guidelines scoresheet for the escape, as such constraint is an essential element of the offense. See Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987). The state *235 concedes error in this regard, and on resen-tencing the court should utilize a corrected guidelines scoresheet.
The judgment is affirmed, but the sentence is vacated and the cause remanded for resentencing.
ERVIN and MINER, JJ., concur.