689 So.2d 304 (1997)
Arlecia Michelle MIDDLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3019.
District Court of Appeal of Florida, First District.
January 22, 1997.
Rehearing Denied March 25, 1997.
*305 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
In this direct criminal appeal, the appellant challenges habitual offender sentences imposed for possession of cocaine. Because the appellant failed to raise this issue either at sentencing or in a timely motion under Florida Rule of Criminal Procedure 3.800(b), we affirm.
The appellant pled no contest to two counts of sale of cocaine and two counts of possession of cocaine in exchange for a maximum sentence of six years. The trial court sentenced the appellant as a habitual offender on all counts to concurrent 48 month terms followed by one year of probation. The appellant challenges only the habitual offender sentences for her two convictions for possession of cocaine.
Section 775.084(1)(a)3 excludes from habitual offender sentencing the crime of possession of cocaine. See, e.g., Hayes v. State, 677 So.2d 304 (Fla. 1st DCA 1996). The state concedes it was error to habitualize the appellant on the two possession counts but argues that the appellant is precluded from raising the issue on appeal because she failed to raise the issue at sentencing or in a timely 3.800 motion before the trial court. The state's argument is well taken under the amendments to Chapter 924, Florida Statutes, effectuated by Chapter 96-248, Laws of Fla. (1996).
Section 924.051(4), Florida Statutes (1996 Supp.), provides:
If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
The statute on its face does not make exception for sentencing errors apparent on the face of the record. However, the supreme court has recognized an inconsistency within the statute. The court recognized that the statute
states that a defendant pleading guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue cannot appeal the sentence. However, a defendant has not yet been sentenced at the time of the plea. Obviously, one cannot expressly reserve a sentencing error which has not yet occurred.
See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996). Thus, to enable a defendant to raise sentencing errors on appeal, the supreme court amended Florida Rule of Criminal Procedure 3.800 to authorize the filing of a motion to correct a sentence or order of probation within ten days after the rendition of the sentence. See Amendments to Florida Rule of Appellate Procedure 9.020(g) & Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). The commentary explains that this new subdivision was added
in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied.
The effective date of both the new statute and the amended rule 3.800 was July 1, 1996. *306 The appellant was sentenced on July 17, 1996, after the effective date of the new statute and rule. The appellant has not challenged the applicability of the new statute or rule to her case.
We accordingly affirm the challenged sentences.
MICKLE and PADOVANO, JJ., concur.