698 So.2d 377 (1997)
Tommy SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3561.
District Court of Appeal of Florida, First District.
August 26, 1997.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
In this direct criminal appeal, the appellant challenges as excessive the sentence imposed by the trial court for sexual battery in violation of section 794.011(5), Florida Statutes (1995), one of four crimes of which the appellant was convicted and for which he was sentenced. Section 794.011(5) sexual battery is a second degree felony punishable by a term of imprisonment not exceeding fifteen years. The trial court nevertheless imposed a sentence of twenty years imprisonment *378 followed by fifteen years probation for the offense.
The appellee contends that the appellant failed to preserve the issue for appeal by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) or by objecting at sentencing as required by section 924.051, Florida Statutes (Supp.1996). But section 924.051 does not preclude an appellate challenge to an unpreserved sentencing error that constitutes fundamental error. Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997).
The error asserted by the appellant in the present case must be classified as fundamental. The sentence for sexual battery is in excess of the statutory maximum for the offense and is therefore "illegal." See King v. State, 681 So.2d 1136 (Fla.1996); Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). An illegal sentence is regarded with such disdain by the law that it, unlike other trial court errors, may be challenged for the first time by way of collateral proceedings instituted even decades after such a sentence has been imposed. See Callaway. The extraordinary provision made for remedying illegal sentences evidences the utmost importance of correcting such errors, even at the expense of legal principles that might preclude relief from trial court errors of less consequence. In light of this, illegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal.
Vacating the sentence for sexual battery would affect the overall sentencing scheme in this case. Accordingly, we vacate all of the appellant's sentences, and we remand this case to the trial court for resentencing as to all four crimes.
WEBSTER and PADOVANO, JJ., concur.