705 So.2d 947 (1998)
Robert L. HOWARD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-746.
District Court of Appeal of Florida, First District.
January 12, 1998.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, the appellant challenges the failure to award him credit for time served pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). Because appellant failed to raise this issue either at sentencing *948 or through a timely motion under Florida Rule of Criminal Procedure 3.800(b), we affirm.
Appellant pled guilty to two counts of possession of cocaine with the intent to sell and two counts of sale of cocaine. He was sentenced to two concurrent three-year terms of incarceration on the possession counts to be followed by two five-year terms of probation on the sale counts. After serving the incarcerative portion of his sentence, appellant violated probation and was sentenced to concurrent five year terms of incarceration on the sale counts. The trial court failed to award him any credit for the time he previously served on the possession counts.
While it seems apparent from the face of the record that appellant did not receive the credit he was due under Tripp, he cannot raise this issue on appeal because it was not preserved below. See Larson v. State, 700 So.2d 388 (Fla. 1st DCA 1997); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997); Chojnowski v. State, 705 So.2d 915 (Fla. 2d DCA 1997); sec. 924.051(3), Fla. Stat. (Supp.1996).[1] In order to challenge a failure to award jail or prison credit, a defendant must either object at the sentencing hearing or file a rule 3.800(b) motion within thirty days of sentencing.[2]
We also reject appellant's constitutional attacks on section 924.051(3). See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 774-75 (Fla.1996); Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997). Accordingly, we affirm.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.
NOTES
[1] Prior to the enactment of section 924.051, we could have corrected an apparent error with a remand to the trial court. See State v. Montague, 682 So.2d 1085, 1088 (Fla.1996); Davis v. State, 661 So.2d 1193, 1197 (Fla.1995); Taylor v. State, 601 So.2d 540, 541-2 (Fla.1992); State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984).
[2] The only exception is when the failure to award credit results in a sentence that exceeds the statutory maximum. Section 924.051(3) does not bar the appeal of an unpreserved prejudicial error if that error is "fundamental." A sentence in excess of the statutory maximum is illegal and constitutes "fundamental error." See Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).