706 So.2d 365 (1998)
Sandra K. BOULAIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4033.
District Court of Appeal of Florida, First District.
January 30, 1998.
*366 Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Sandra K. Boulais (Boulais) appeals from an order of restitution imposed by the trial court as reimbursement for investigative and other costs incurred by Boulais' employer, Henry Chiropractic Clinic. Boulais, who had been employed by the clinic as a bookkeeper, pleaded nolo contendere to grand theft.[1] The trial court awarded the total sum of $29,276.26 to the victim as restitution. We affirm in part and reverse in part.
Mrs. Henry, the co-owner of the clinic, testified in support of, and the trial court awarded: $17,516 in cash payments stolen from the business; $695.26 for the services of Saltmarsh Certified Public Accountants; $2600 for the services of Creel, Bryan, and Gallagher, Certified Public Accountants, to conduct a fraud investigation; $1644 for a credit card investigation performed by Medforms; $550 to hire a bookkeeper to sort out the fraudulent charges; $1000 to hire an office worker to help find and reorganize patient files which had been lost in relation to the theft; $150 to change locks; $50 to copy documents; $50 for call-tracing fees; and $5000 for a contract with a private investigation company, Emerald Coast Investigations.
Section 775.089, Florida Statutes (1995), requires a criminal defendant to make restitution to the victim of a crime for damage or loss caused directly or indirectly by the defendant's offense. In Glaubius v. State, 688 So.2d 913 (Fla.1997), the Florida Supreme Court held that reasonable investigative costs are a proper item for restitution. Reasonable investigative costs, the court explained, are those investigative costs proved by a preponderance of the evidence. Specifically, the State has the burden to establish the amount of investigative costs "based on competent evidence" rather than on the "mere speculation" of the victims or other witnesses. Id. at 916.
The Glaubius court did not expressly limit the amount of investigative costs for which a victim could be reimbursed. However, a reasonable limit on reimbursement is implied by the court's admonition that a defendant should not be required to "pay a sum in excess of the amount of damages his criminal conduct caused the victim." Id. Boulais' criminal conduct in the instant case resulted in the need to hire an accounting firm to discover and document the crime. The evidence also shows that an insurance adjuster was required to aid in the discovery of the theft, and that an office worker had to be hired to help find files lost during the three years that Boulais was employed by the Henrys. All of these expenses were associated with the discovery and documentation of the crime and were properly awarded. Once the crime was discovered and documented, however, no further investigation was necessary. The services contracted for with Emerald Coast Investigations were duplicative, unsupported by the record, and unreasonable under the circumstances of this case. We therefore reverse that portion of the order awarding restitution for these services.
We accordingly REVERSE that portion of the order imposing restitution in the amount of $5000 for the services of Emerald Coast *367 Investigations. We AFFIRM the order in all other respects.
MICKLE and PADOVANO, JJ., concur.
NOTES
[1] Boulais was adjudicated guilty and placed on five years' probation. The trial judge reserved jurisdiction to determine the amount of restitution.