719 So.2d 1230 (1998)
Brenda Lee NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3435.
District Court of Appeal of Florida, First District.
October 1, 1998.
Rehearing Denied November 5, 1998.
*1231 Nancy Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.

GENERAL DIVISION EN BANC
ALLEN, Judge.
Based upon an argument first presented in this direct criminal appeal, the appellant challenges her habitual felony offender sentence for felony petit theft. Although the term of the sentence does not exceed the non-habitual statutory maximum for the offense, we nevertheless conclude, in accordance with State v. Mancino, 714 So.2d 429, 23 Fla. L. Weekly S301 (Fla.1998), that the sentence is illegal, as the face of the record reveals that the sentence otherwise fails to comport with statutory limitations. Because an illegal sentence constitutes fundamental error which may be addressed for the first time on appeal, we vacate the habitual felony offender sentence and remand this case for resentencing.
The statutes limit application of Florida's habitual felony offender sentencing to specified crimes and circumstances. Although most of the limitations are specified in the habitual felony offender statute itself, section 775.084, Florida Statutes, additional limitations may be found elsewhere in the statutes. An example is section 812.014, Florida Statutes, which was amended in 1992 to indicate that habitual felony offender sentencing for felony petit theft is precluded. See Ridley v. State, 702 So.2d 559 (Fla. 2d DCA 1997); Berch v. State, 691 So.2d 1148 (Fla. 3d DCA 1997). The trial court in the present case therefore erred in imposing a habitual felony offender sentence for the appellant's 1996 theft. The more difficult question, however, is whether this unpreserved error is remediable in this direct appeal.
Because the error in the present case is apparent from the face of the trial court record, had the sentence been imposed prior to July 1, 1996, the error would have been correctable on direct appeal despite the absence of preservation in the trial court. See, e.g., State v. Montague, 682 So.2d 1085 (Fla. 1996); Taylor v. State, 601 So.2d 540 (Fla. 1992); Dailey v. State, 488 So.2d 532 (Fla. 1986); State v. Rhoden, 448 So.2d 1013 (Fla. 1984). But unpreserved sentencing errors are no longer correctable on direct appeal merely because they are apparent from the face of the record. Consistent with section 924.051(3) and (4), Florida Statutes, which became effective on July 1, 1996, as part of the Criminal Appeal Reform Act of 1996, Ch. 96-248, Laws of Florida, Florida Rule of Appellate Procedure 9.140(d) now provides that a sentencing error may be addressed on direct appeal only where the asserted error has been brought to the attention of the trial court at the time of sentencing or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).
We have applied the new provisions in denying relief on direct appeal for unpreserved sentencing errors. See, e.g., Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997). But, consistent with the legislative intent that section 924.051 not be applied to preclude relief on direct appeal for unpreserved fundamental errors, Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775, we have held that unpreserved sentencing errors which are fundamental may be addressed for the first time *1232 on direct appeal. See Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).
Most prominent among the sentencing errors determined to be fundamental are those that result in "illegal sentences." We remedied an unpreserved sentencing error on direct appeal in Sanders because we concluded that it caused the resulting sentence to be illegal, and therefore amounted to fundamental error. We explained our holding as follows:
The error asserted by the appellant in the present case must be classified as fundamental. The sentence for sexual battery is in excess of the statutory maximum for the offense and is therefore "illegal." See King v. State, 681 So.2d 1136 (Fla.1996); Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla. 1995). An illegal sentence is regarded with such disdain by the law that it, unlike other trial court errors, may be challenged for the first time by way of collateral proceedings instituted even decades after such a sentence has been imposed. See Callaway. The extraordinary provision made for remedying illegal sentences evidences the utmost importance of correcting such errors, even at the expense of legal principles that might preclude relief from trial court errors of less consequence. In light of this, illegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal.
It should also be recognized that the supreme court has held that an illegal sentence may be corrected "at any time." See Davis; Bedford v. State, 633 So.2d 13 (Fla.1994). In light of Sanders, and subsequent decisions in which we have applied its holding, the unpreserved sentencing error in the present case may be remedied in this direct appeal if the resulting sentence is illegal.
Davis, Callaway, and King specifically defined the term "illegal sentence," explaining that "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the [sentencing] guidelines." And to further clarify this definition, King explained that a sentence is not illegal merely because it is unauthorized by statute or rule, and that a statutorily unauthorized sentence "is not an illegal sentence unless the total sentence imposed exceeds the statutory maximum for the particular offense at issue."
Middleton is an example of our adherence to the illegal sentence definition provided by Davis, Callaway, and King. Middleton was sentenced as a habitual felony offender to four years incarceration followed by one year of probation for the third degree felony of possession of cocaine. Although the habitual felony offender statute excluded this crime from habitual felony offender sentencing, we declined to vacate the sentence because Middleton had not preserved the issue for review in the trial court by an objection or motion under rule 3.800(b). Notwithstanding the fact that the sentence patently failed to comport with the statutory limitation, the illegal sentence exception to the preservation requirement did not apply under the King definition because the term of the sentence was within the five-year, non-habitual statutory maximum for a third degree felony.
Relying upon Middleton, the appellee asserts that the appellant's sentence in the present case cannot be corrected for the same reason that Middleton's sentence could not be corrected. Like Middleton, the appellant has a habitual felony offender sentence which is not authorized by statute but which is nevertheless within the non-habitual statutory maximum for her offense. See § 921.001(5), Fla. Stat. (1995); Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998). The appellee's analysis is correct, but Middleton must now be called into question because the supreme court recently revisited its "illegal sentence" definition.
First, in Hopping v. State, 708 So.2d 263 (Fla.1998), the supreme court apparently ignored the requirement that a sentence must exceed the statutory maximum to be considered illegal in holding that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal." Then, in Mancino, the supreme court announced that a sentence is illegal "by definition" when it "patently fails to comport with statutory or *1233 constitutional limitations." We are obligated to apply this most recent definition in the present case.
As has been previously explained, the sentence in the present case clearly fails to comport with the statutory limitation of section 812.014. Under the new Mancino definition, it is therefore an illegal sentence which is remediable as fundamental error.
A divided fifth district recently held that there are no fundamental errors in the sentencing context. See Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). But the holding in Maddox cannot be reconciled with the opinion in Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775, in which the supreme court clearly indicated that its 1996 amendments to Florida Rule of Criminal Procedure 3.800 and Florida Rule of Appellate Procedure 9.140 were adopted in recognition of the legislature's prerogative to "reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error." (Emphasis supplied). The construction of rule 9.140(d) applied in Maddox would obviously frustrate, rather than recognize, this legislative intent. For this reason, and because the supreme court (1) has specifically recognized fundamental error in the sentencing context in cases such as Wood v. State, 544 So.2d 1004 (Fla.1989), (2) has held that illegal sentences may be corrected at any time, and (3) has provided no clear indication that fundamental error now applies only to trial errors, we disagree with Maddox and certify conflict between Maddox and our decision in the present case.
The appellant's habitual felony offender sentence is vacated, and this case is remanded for the appellant to be resentenced.
BARFIELD, C.J., and WOLF, WEBSTER and DAVIS, JJ., concur.
ERVIN, J., concurs with written opinion.
JOANOS, J., dissents with written opinion in which MINER, KAHN and LAWRENCE, JJ., concur.
ERVIN, Judge, concurring.
I fully concur with the majority's opinion. I write separately only to address the view expressed in Judge Joanos's dissenting opinion which maintains that Florida Rules of Criminal Procedure 3.800 and 3.850 are the exclusive means by which an aggrieved person, following a plea, may seek review of an illegal sentence. In my judgment, such person also has the right to a direct appeal within 30 days from the imposition of an illegal sentence, whether or not the error was preserved.[1] This has been the law since Robinson v. State, 373 So.2d 898 (Fla.1979), and it remains the law today. A brief history of rule 3.800 and Florida Rule of Appellate Procedure 9.140 supports this conclusion.
The portion of the language in the present version of rule 3.800(a), permitting a court to "at any time correct an illegal sentence imposed by it," has been substantially the same since the adoption of the Florida Rules of Criminal Procedure in 1967. See In re Florida Rules of Criminal Procedure, 196 So.2d 124, 171 (Fla.1967) (former rule 1.800(a)). The provision in current rule 9.140(b)(1)(D), stating that a defendant may appeal from an illegal sentence, first appeared in In re Proposed Florida Appellate Rules, 351 So.2d 981, 999 (Fla.1977). As initially adopted, rule 9.140(b)(1) foreclosed a defendant from appealing a judgment entered upon a plea of guilty or nolo contendere without express reservation of the right to appeal. Id. The commentary appended to the rule reiterated the above restriction, but added the caveat: "It was not intended that this rule affect the substantive law governing collateral review." Id. at 1000. The language in the rule and the commentary qualifying a defendant's appellate rights may have been added in order to comport with the enactment of section 924.06(3), Florida Statutes (Supp.1976), *1234 which provided: "A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack."
The above rules and statute were in effect when the supreme court was asked in Robinson v. State, 373 So.2d 898 (Fla.1979), to decide whether a defendant who had entered a plea of guilty and received a negotiated sentence had the right to a direct appeal consisting of a general review of the plea. Although the supreme court approved the district court's dismissal of the appeal, it nonetheless rejected the state's argument that defendants in general were barred by the statute from pursuing any type of appeal. The court concluded: "Neither the statute nor our present rules cut off a right of appeal from conduct that would invalidate the plea itself." Id. at 902. The court then recognized that a defendant retains the right to appeal a limited class of issues that arise contemporaneously with the plea, one of which is "the illegality of the sentence." Id.
Thus, the upshot of the court's opinion in Robinson was to construe rule 9.140, despite the restrictive language in both it and section 924.06(3), as permitting direct appeals in the limited class of issues therein specified. The question before us is whether the legislature's enactment of section 924.051(4), Florida Statutes (Supp.1996), altered the prior law.
The supreme court addressed the effect of section 924.051's preclusive language in Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996), wherein it approved an amendment to rule 9.140 by adding subparagraph (b)(2), which states in part that a defendant who pleads guilty or nolo contendere may only appeal if he or she expressly reserves the right to appeal. Id. at 775 & 799-800. This language was transferred from subparagraph (b)(1) of the former rule, and that language, as previously stated, had been construed in Robinson as not denying defendants appellate review over the four classes of issues therein identified. In adding the amendment, the court considered it necessary to comment on the effect of the newly enacted statute on the proposed rule, and it concluded with the following pertinent observations:
Insofar as it [section 924.051(4)] says that a defendant who pleads nolo contendere or guilty without expressly reserving the right to appeal a legally dispositive issue cannot appeal the judgment, we believe that the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson.

Id. at 775.
The amended language employed in rule 9.140(b)(2) could have more clearly expressed the precept that a defendant retains the right to appeal the four types of issues approved in Robinson, including the illegality of the sentence. Nevertheless, the court unequivocally reaffirmed what it had earlier said in Robinson. Moreover, subparagraph (b)(1) of the rule continues to permit a defendant to appeal an illegal sentence in virtually the identical language that was used before the amendments. Consequently, the same construction the supreme court placed upon the rules and statutes at the time of Robinson continues to apply to the revised rules and statute now before us. In short, defendants, whether they plead or are found guilty following trial, retain the right to appeal the illegality of their sentences.
I therefore fail to understand the dissent's position. Judge Joanos does not contend that the sentence in question is not illegal. He takes issue with the majority's decision only to the extent that it interprets rule 9.140 as permitting a defendant who has entered a plea to appeal from an illegal sentence. In doing so, Judge Joanos relies primarily upon Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998) (en banc), review granted, No. 92,805, 718 So.2d 169 (Fla.1998), an opinion which lumps together indiscriminately the terms "sentencing errors" and "illegal sentences," and which broadly proclaims that "`fundamental error' no longer exists in the sentencing context." Id. at 619.
The terms "illegal sentence" and "sentencing error" are not, however, synonymous. For example, the amended language in rule 9.140(b)(2)(B), limiting one's right to appeal *1235 certain classes of cases following a guilty or nolo contendere plea, while not including therein the term illegal sentence, does reference sentencing errors. As used in rule 9.140 and rule 3.800, there is a substantial distinction between the two terms, the most obvious one appearing in rule 3.800, which under (a) allows a trial court "at any time" to correct an "illegal sentence," yet, under (b), it permits a defendant only "thirty days" in which to seek a correction of a "sentencing error." I therefore think it clear that the supreme court, in amending rule 9.140, made the same distinction between sentencing errors and illegal sentences as it had in its amendment to rule 3.800.
Following Amendments to the Florida Rules of Appellate Procedure, the court issued an opinion amending certain rules of criminal procedure. See Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253 (Fla.1996). The court therein noted that it was amending subparagraph (b), pertaining to the correction of sentencing errors, by adding the words 30 days to rule 3.800 in order to accomplish the same objective outlined in its earlier opinion amending the Florida Rules of Appellate Procedure, which was to conform rule 9.140 with the legislative intent expressed in section 924.051(4), precluding a defendant who pleads nolo contendere or guilty, without reservation, from taking an appeal.[2] In both rules the court added the term "sentencing error," and in so doing created a different field of operation for sentencing errors from that in the rules pertaining to illegal sentences, which remained unchanged.[3]
Therefore, while it may have been preferable for the court to have explicitly stated in rule 9.140(b)(2) that a defendant who pleads guilty or nolo contendere may directly appeal an illegal sentence, without express reservation, any such change, in my judgment, is unnecessary in light of Amendments to the Florida Rules of Appellate Procedure, wherein the court expressly reaffirmed what it had said in Robinson v. State, i.e., that a defendant who pleads continues to have the right to appeal the illegality of the sentence. As a result, a defendant retains both the right to attack collaterally an illegal sentence at the trial level, as well as the right to appeal an illegal sentence within 30 days from its rendition, whether such sentence follows a plea, or whether the error pertaining thereto has been preserved.
JOANOS, Judge, dissenting.
The required procedure is not complicated. A sentencing error should not be considered by a Florida appellate court until after the alleged error has been presented to and ruled upon by the sentencing court. See Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). In Maddox, the Fifth District Court of Appeal, in an en banc opinion authored by Chief Judge Griffin, analyzed the current landscape of appellate review of sentencing errors in Florida. We subscribe totally to their conclusion that the legislature and the supreme court have resolved that the place for all sentencing errors to be addressed initially is in the sentencing court. If we do not enforce the correct procedure, we are condoning inappropriate practice and looking the other way while the appellate system continues to be clogged with unnecessary appeals while alleged sentencing mistakes, which should be addressed in a few days, are not considered until months later.
It is succinctly stated in Florida Rule of Appellate Procedure 9.140(d) that a "sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal ...," either at sentencing or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b). That rule controls the case before us. The defendant cannot raise a sentencing error in this direct appeal that was not brought to the attention of the trial judge. Appellant is in *1236 the wrong forum. He should seek relief before the trial court. If denied that relief, then he can appeal; not before.
The majority opinion recognizes the rule, but then seeks to make an exception for "fundamental error in the sentencing context." While their motive may be quite laudable, the rule does not provide for any such exception. Further, an exception is unnecessary, for relief from an improper sentence is much more appropriately and speedily attained through the procedures allowed by our rules rather than by the burdensome process of appealing.
Fundamental error is a concept that exists in the appellate process to correct error that is deemed so egregious as to overcome the requirement that objection to the error must have been made first before the trial court. It is an important concept at the appellate level to afford relief from injustices that cannot be addressed otherwise. It is a concept, however, that is no longer necessary in order to address sentencing errors in Florida. The options presently available are more readily accessible and are more efficient, and will usually bring relief in a fraction of the time required by the appeal process.
Following sentencing, pursuant to Florida Rule of Criminal Procedure 3.800(b), a defendant now has thirty days in which to file a motion to correct a sentence or probation order. After that, if the error is apparent on the face of the record and constitutes an illegal sentence, as allegedly does the sentence in the case before us, the defendant can at any time file a motion under Rule 3.800(a) before the trial court. No filing fee is required. Relief can be afforded in a matter of days as compared to the time required for an appeal to reach fruition.
The majority cites State v. Mancino, 714 So.2d 429 (Fla.1998), correctly stating that in that case, the supreme court announced that a sentence is illegal "by definition" when the sentence "patently fails to comport with statutory or constitutional limitations." However, in Mancino, the supreme court was reviewing an order entered pursuant to a rule 3.800(a) motion originating in the trial court. That is the method by which the system is designed to operate. Mancino says nothing about appealing a sentencing error without first bringing the issue before the trial court. The majority, relying upon earlier cases from this court and others, equates illegal sentences with sentences constituting fundamental error, which can be remedied on appeal although no objection was raised in the trial court. Again, the concept of fundamental error no longer applies to sentences on appeal, as the error can be addressed more appropriately by the trial judge first ruling upon the matter, as was the situation in Mancino.
Florida Rule of Criminal Procedure 3.850 also provides a remedy for up to two years after the judgment and sentence become final in noncapital cases, and even longer if certain conditions are met. For the situation where the operable facts are not apparent on the face of the record, or where ineffective assistance of counsel is alleged, that rule is readily available. "It is hard to imagine that the failure to preserve a sentencing error that would formerly have been characterized as `fundamental' would not support an `ineffective assistance' claim." See Maddox v. State, 708 So.2d at 621.
The trial judge is far better equipped and able to investigate and correct sentencing errors in the first analysis, than is an appellate court. This case should be affirmed without prejudice to the appellant's filing for relief before the trial court pursuant to rule 3.800(a) or rule 3.850.
NOTES
[1] Appellant pled nolo contendere to felony petit theft pursuant to a negotiated plea agreement in which she agreed to be sentenced as a habitual felony offender for the offense. The trial court adjudicated her guilty of the offense and sentenced her as a habitual offender to eight years' imprisonment. Appellant did not file a motion under rule 3.800(b) challenging her sentence. On appeal, she contends that the sentence is illegal, because section 812.014(3)(c), Florida Statutes (1997), defining felony petit theft, does not authorize habitual offender enhancement.
[2] The court made the amendments to both rule 9.140 and rule 3.800 take effect on January 1, 1997.
[3] The fact that the court is using the term "sentencing error" in an altogether different context from the term "illegal sentence" is further evidenced by the amendment to rule 9.140(d), which, in effect, equates a sentencing error for appellate purposes with those cognizable under rule 3.800(b). The amendment precludes a sentencing error from being appealed unless it is first brought to the attention of the court at the time of sentencing, or unless it is preserved by a rule 3.800(b) motion. The appellate rules contain no similar restriction on one's right to appeal an illegal sentence.