ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the motion for rehearing filed in this case, we grant rehearing and withdraw the opinion filed May 12, 1998, and substitute this opinion. Appellant Copeland was convicted and sentenced as a habit *609 ual offender for two counts of possession of cocaine within 1,000 feet of a school, first degree felonies pursuant to section 893.13(1)(c)1., Florida Statutes (1995); one count of possession of cocaine with intent to sell or deliver, a second degree felony pursuant to section 893.13(1)(a)1., Florida Statutes (1995); and one count of possession of cocaine, a third degree felony pursuant to section 893.13(6)(a), Florida Statutes (1995). As to the first three enumerated charges, the trial court adjudged appellant a habitual felony offender and sentenced him to concurrent twenty-five year sentences. As to the fourth offense, possession of cocaine, the court adjudged appellant a habitual felony offender and placed him on probation for a term of five years consecutive to the prison time. On appeal, appellant challenges his habitual offender treatment.
In its answer brief, the State concedes error because “these offenses involved simple possession under § 893.13, Fla. Stat., and were excluded from the terms of § 775.084(1), Fla. Stat.” We accept the State’s concession of error. These matters are reviewable even though they were not preserved below. See Nelson v. State, 719 So.2d 1230, 23 Fla. L. Weekly D2241 (Fla. 1st DCA 1998). Accordingly, this case is REVERSED and REMANDED for resen-tencing.
MINER, ALLEN and KAHN, JJ., concur.