725 So.2d 1179 (1998)
Christopher GAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3672
District Court of Appeal of Florida, First District.
December 21, 1998.
Rehearing Denied February 15, 1999.
*1180 Nancy A. Daniels, Public Defender; Angela Shelley, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Randy L. Havlicak, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges a final judgment and sentence after he was convicted on charges of aggravated battery with a deadly weapon and aggravated assault with a deadly weapon. Appellant raises three points on appeal: (1) Whether the trial court committed reversible error in sentencing appellant, a first-time felony offender, without the benefit of a presentence investigation report; (2) whether the trial court committed fundamental error in sentencing appellant with a sentencing guidelines scoresheet that contained a calculation error apparent on its face, (3) whether the trial court imposed an illegal sentence on appellant and thereby committed fundamental error when it sentenced appellant to a term of imprisonment in excess of the statutory maximum for his third-degree felony. We find we are precluded from reviewing issues one and two because appellant did not object below or raise the issues by filing a motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure. We find on issue three, however, that the sentence imposed constituted an illegal sentence apparent on the face of the record which may be raised for the first time on appeal pursuant to Nelson v. State, 719 So.2d 1230, 23 Fla. L. Weekly D2241 (Fla. 1st DCA 1998). We, therefore, affirm as to issues one and two without further comment. We reverse as to issue three and remand for resentencing on the charge of aggravated assault.
Appellant was charged by information with an aggravated battery with a deadly weapon (count I) and an aggravated assault with a deadly weapon (count II) arising out of an altercation that occurred in March 1997. A sentencing guidelines scoresheet prepared prior to trial in anticipation of sentencing listed the aggravated battery as the primary offense at sentencing, but then scored appellant for two aggravated assaults, rather than just one, as additional offenses at sentencing. The sentencing guidelines scoresheet as calculated recommended a sentence of 82.2 months' (6.85 years) imprisonment with a permissible sentencing range of between 61.6 months' (5.13 years) and 102.7 months' (8.56 years) imprisonment.
Following trial, the jury found appellant guilty of both offenses as charged in the information. Appellant was subsequently adjudicated guilty of these offenses in accordance with the jury's verdict and sentenced as follows:
COUNT I8 years imprisonment followed by 7 years probation
COUNT II8 years imprisonment SENTENCES TO BE SERVED CONCURRENT
At the outset of the sentencing hearing, defense counsel had agreed to the accuracy of the previously prepared sentencing guidelines scoresheet. The trial court had also acknowledged at the sentencing hearing that it was sentencing appellant in excess of the statutory maximum for the third degree felony charged in count II of the information, but explained that the eight-year sentence for that offense could be imposed because of the recommendation reflected on appellant's sentencing guidelines scoresheet. While the *1181 eight-year sentence imposed for appellant's aggravated assault conviction exceeded this standard statutory maximum, it was still within the statutory maximum established by the upper limit of the sentencing range reflected on appellant's sentencing guidelines scoresheet as computed at sentencing. See § 921.001(5), Fla. Stat. (1997); Floyd v. State, 23 Fla. L. Weekly S518 (Fla. Oct. 1, 1998); Mays v. State, 717 So.2d 515 (Fla. 1998). Without the 18 points for the extra nonexistent aggravated assault conviction scored under additional offenses at sentencing, however, appellant's sentencing guidelines scoresheet would have recommended a sentence of 64.2 months' (5.35 years) imprisonment with a permissible sentencing range of between 48.15 months' (4.01 years) and 80.25 months' (6.69 years) imprisonment. Thus, as appellant asserts in his brief, his eight-year sentence for the third-degree felony of aggravated assault exceeds the maximum sentence authorized by law for that offense under a properly computed sentencing guidelines scoresheetthat maximum being 80.25 months or 6.69 years.
In Nelson, 719 So.2d 1230, 23 Fla. L. Weekly at D2242, this court receded from several prior decisions because the Florida Supreme Court in State v. Mancino, 714 So.2d 429 (Fla.1998), had revised its definition of an "illegal" sentence to include any sentence that "patently fails to comport with statutory or constitutional limitations." The defendant in Nelson had been sentenced as a habitual felony offender for an offense that was statutorily ineligible for habitualization. See Nelson, supra at D2241, 719 So.2d at 1232. Her habitual felony offender sentence had, however, been within the nonhabitualized statutory maximum for her offense as established by the upper limit of the sentencing range reflected on her sentencing guidelines scoresheet. See id. at D2242, 719 So.2d at 1232. Yet this court in Nelson held that the defendant's sentence in that case had to be deemed "illegal," under the definition of illegality set forth in Mancino, because the sentence clearly failed to comport with the statutory limitation which made the defendant's offense ineligible for habitualization. See id. Appellant's eight-year sentence for the offense of aggravated assault is, as he claims in his third issue on appeal, "illegal" since the term imposed exceeds the proper statutory maximum for his offense established by the upper limit of the sentencing range reflected on a properly computed sentencing guidelines scoresheet.
Affirmed in part, reversed in part, and remanded for resentencing on the conviction for aggravated assault with a deadly weapon.
WEBSTER and LAWRENCE, JJ., concur.