724 So.2d 643 (1999)
Michael Shane TANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3901
District Court of Appeal of Florida, First District.
January 8, 1999.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Appellant, Michael Shane Tanner, appeals the judgment and sentence imposed upon the revocation of his probation. Appellant has raised three issues for review: (1) the trial court's finding that appellant was in substantial and willful violation of the probation condition requiring service of 60 days of jail time within a nine-month period; (2) a disparity between the trial court's oral pronouncement and the written order of revocation of probation; and (3) a calculation error in the sentencing guidelines scoresheet. We affirm as to the first two issues without further comment; we affirm the third issue, without prejudice to appellant to seek correction of the calculation error in a motion filed pursuant to rule 3.800(a) or rule 3.850, of the Florida Rules of Criminal Procedure.
Appellant's third issue presents the question whether an error in the calculation of *644 the guidelines scoresheet may be raised for the first time in a direct appeal. The probation revocation hearing and sentencing at issue in this case took place September 16, 1997, after the effective date of the Criminal Reform Act of 1996. Therefore, preservation of alleged error takes on added significance.[1] Appellant's counsel acknowledges that the assessment of excess points for "release program violation" was not preserved in the trial court proceedings, either by objection or by means of a rule 3.800(b) motion. Consequently, we must determine whether the unpreserved sentencing error may be remedied on direct appeal. See Nelson v. State, 719 So.2d 1230, 23 Fla. L. Weekly D2241 (Fla. 1st DCA 1998). See also Denson v. State, 711 So.2d 1225, 1226 (Fla. 2d DCA 1998).
Effective July 1, 1996, Florida Rule of Appellate Procedure 9.140 was amended to be consistent with section 924.051(3) and (4), Florida Statutes. Subsection (d) of the rule provides:
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Florida Rule of Criminal Procedure 3.800 provides in pertinent part:
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
(b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation within thirty days after the rendition of the sentence.
This court has ruled that unpreserved sentencing errors which are "fundamental" may still be corrected on direct appeal. See Nelson, 719 So.2d 1230, 23 Fla. L. Weekly at D2242, citing State v. Mancino, 714 So.2d 429 (Fla.1998)(holding a sentence is illegal by definition when it "patently fails to comport with statutory or constitutional limitations"); Hopping v. State, 708 So.2d 263 (Fla.1998).
The alleged error here at issue was the scoresheet assessment of points for release program violation. Florida Rule of Criminal Procedural 3.702(d)(10), provides:
(10) "Release program violations" occur when the defendant is found to have violated a condition of a release program designated in subsection 921.011(6). Six points shall be assessed for each violation up to a maximum of 18 points in the case of multiple violations. Where there are multiple violations, points in excess of 6 may be assessed only for each successive violation that follows the reinstatement or modification of the release program and are not to be assessed for violation of several conditions of a single release program order. (Emphasis supplied)
It is alleged appellant should have been assessed six points for one successive violation following the reinstatement or modification of the release program. However, twelve points, rather than six, were assessed on the guidelines scoresheet. This resulted in a sentence within the maximum permitted by statute for the underlying offense, but in excess of the maximum sentence permitted by the guidelines. Further, it is alleged, the addition of the excess six points resulted in a state prison sentence, a sanction not permitted if the scoresheet had been calculated properly.
However, we can find no authority that would elevate a scoresheet error to the status of fundamental error. Since the calculation error in this case is not fundamental, and the error clearly was not preserved, we affirm without prejudice to appellant to seek correction of the scoresheet calculation in a motion filed pursuant to either rule 3.800(a) or rule 3.850, of the Florida Rules of Criminal Procedure.
*645 Accordingly, the judgment and sentence are affirmed without prejudice to appellant to file a post-conviction motion for correction of the scoresheet used to impose sentence in this case.
ALLEN and WEBSTER, JJ., CONCUR.
NOTES
[1] Section 924.051(3), Florida Statutes (1997), provides:

(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.