734 So.2d 1079 (1999)
William CALLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-502.
District Court of Appeal of Florida, First District.
February 17, 1999.
Nancy A. Daniels, Public Defender, and Sherrie Barnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Randy L. Havlicak, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
In this direct criminal appeal, appellant contends he was sentenced erroneously as an habitual felony offender for offenses he committed on June 6, 1996, while incarcerated for prior felony convictions. We reverse the sentencing disposition, and remand for resentencing.
Appellant was sentenced under the 1996 amendment to the habitual offender statute, which provides habitualization for a felony committed while the defendant is still serving a prison sentence or other commitment imposed as a result of a prior felony conviction. See § 775.084(1)(a)2.a., Fla.Stat. (Supp.1996). The effective date of the amended statute which the trial court applied at appellant's sentencing was October 1, 1996. See Ch. 96-388, § 44, Laws of Fla. Under the provisions of section 775.084 in effect on June 6, 1996, when appellant committed the current offenses, an incarcerated defendant could not be habitualized when the offense for which sentencing was to be imposed was committed more than five years after incarceration for prior felony convictions commenced. See Jeffries v. State, 610 So.2d 440 (Fla.1992). Appellant in this case had been incarcerated for six years for the previous convictions when he committed the current offenses. Thus, he did not qualify for sentencing as an habitual felony offender under the version of section 775.084 then in effect.
It is fundamental error to apply an amended version of the habitual offender statute to increase the punishment for an offense committed before the effective date of the amendment. See Carnegie v. State, 564 So.2d 233, 234 (Fla. 1st DCA 1990); Swinson v. State, 588 So.2d 296, 297 (Fla. 5th DCA 1991). Notwithstanding the reasonableness of the section 924.051(3) restrictions on the right to appeal, see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996), unpreserved fundamental sentencing errors may be addressed for the first time on direct appeal. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998)("A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'."). See also Nelson v. State, 719 So.2d 1230, 1231-1232 (Fla. 1st DCA 1998); Sanders v. *1080 State, 698 So.2d 377 (Fla. 1st DCA 1997). Accord Baker v. State, 724 So.2d 121 (Fla. 1st DCA 1998)[23 Fla. L. Weekly D2562]; Copeland v. State, 720 So.2d 608 (Fla. 1st DCA 1998)[23 Fla. L. Weekly D2519]; McKnight v. State, ___ So.2d ___ (Fla. 1st DCA 1998)[23 Fla. L. Weekly D2402].
It is undisputed that appellant does not qualify for habitual offender sentencing under the version of the habitual offender statute in effect when he committed the current offenses. Appellant's trial counsel raised general objections to the trial court's decision to impose an habitual offender sentence, but the ex post facto argument we have been asked to consider was not brought to the trial court's attention, either by specific objection or by rule 3.800(b) motion. Although the precise sentencing issue was not preserved, application of the amended habitual offender statute to appellant's current offenses constitutes fundamental error which may be addressed for the first time on appeal.
Accordingly, we reverse the ten-year habitual offender sentences, and remand this cause for resentencing in accordance with the statutes in effect when appellant committed the current crimes.
BARFIELD, C.J. and ERVIN, J., CONCUR.