PER CURIAM.
Appellant entered a plea of guilty to charges of burglary and grand theft. Pursuant to the terms of the plea agreement, which appellant acknowledged orally and in writing that he understood, appellant was sentenced as a habitual offender to a prison term of one year and a day and ordered to pay restitution in the amount of $1,500. Appellant now contends on appeal that the trial court erred in imposing restitution because there was no evidence of permanent loss or damage to the item, a nail gun, which appellant attempted to steal but dropped while fleeing the scene. For the reasons stated below, we affirm.
Appellant neither objected to the imposition of restitution at the time of sentencing nor expressly reserved the right to appeal the restitution order upon entry of his plea. Furthermore, appellant did not move to withdraw his plea or seek deletion of the restitution requirement in a timely motion to correct sentence. Because appellant failed to properly preserve this issue for our review, we are precluded from considering it on direct appeal. See Fla. R.App. P. 9.140(b)(2)(B) and 9.140(d); § 924.051(4), Fla. Stat. (1997). See also Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998)(ere banc); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998).
AFFIRMED.
GUNTHER, FARMER and TAYLOR, JJ., concur.