734 So.2d 1136 (1999)
Edward FILLYAW, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1950.
District Court of Appeal of Florida, First District.
May 27, 1999.
*1137 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Edward Fillyaw appeals his conviction and sentences for unarmed robbery, two counts of dealing in stolen property and burglary. He challenges his habitual offender status and the amount of restitution entered. We affirm.
Appellant initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel cited Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997) which held that unobjected-to errors in finding a defendant to be a habitual felony offender could not be raised on appeal. Counsel subsequently filed a motion to withdraw the Anders brief on the ground that this court receded from Middleton in Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998). In Nelson, this court allowed unpreserved challenges to habitual offender sentences to be raised for the first time on appeal where the sentence is illegal on the face of the record. Appellant's sentence, however, is not illegal on the face of the record.
Appellant agreed to habitual offender classification in his negotiated plea. The offenses with which he was charged were qualifying offenses for habitual offender sentencing. Appellant had eleven prior felonies including two grand thefts which were committed within five years of his present offense. The qualifying offenses have not been set aside, nor has appellant received a pardon on them. Additionally, the trial court conducted a separate proceeding to determine if appellant is a habitual felony offender and should be sentenced as such. After conducting the proceeding in open court with full rights of confrontation, cross-examination and representation by counsel, the court found by a preponderance of evidence that appellant met the statutory criteria of a habitual felony offender and reduced those findings to writing. We affirm because appellant failed to object or withdraw his plea, and the sentence is not illegal on its face.
Appellant failed to preserve the restitution issue for review by objecting below or filing a motion to correct pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure. See Velez v. State, 725 So.2d 1280 (Fla. 4th DCA 1999)(holding restitution issue was not preserved for appeal where appellant neither objected at sentencing nor filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure); Lorenzana v. State, 717 So.2d 119 (Fla. 4th DCA 1998)(same); cf. Locke v. State, 719 So.2d 1249 (Fla. 1st DCA 1998)(en banc)(holding trial court's failure to orally itemize statutorily authorized discretionary costs at the time of sentencing was not fundamental error because Rule 3.800(b), Florida Rules of Criminal Procedure, provides a formal mechanism for a post-judgment hearing *1138 and an opportunity to be heard in the trial court on the imposition of costs).
AFFIRMED.
JOANOS, ALLEN and KAHN, JJ., CONCUR.