PER CURIAM.
The appellant challenges his convictions and sentences for five crimes committed in the course of a single criminal episode. We affirm the appellant’s convictions, but we vacate the habitual felony offender sentences imposed for these crimes because the trial court committed fundamental error in directing that the sentences be served consecutively.
As the appellee concedes, the appellant’s sentences are prohibited by Hale v. State, 680 So.2d 521 (Fla.1994), wherein the supreme court held that the habitual felony offender statute does not authorize consecutive habitual felony offender sentences for crimes growing out of a single criminal episode. Although the appellant did not challenge his sentences in the trial court, the Hale violation is nevertheless remediable in this direct appeal as fundamental error because a Hale violation constitutes an “illegal” sentence. See Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997)(“[I]llegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal.”); State v. Mancino, 714 So.2d 429 (Fla., 1998)(“A sentence that patently fails to comport with statutory ... limitations is by definition ‘illegal’.”). See also Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (en banc).
Accordingly, the appellant’s convictions are affirmed, but his sentences are vacated and this case is remanded to the trial court for the appellant to be resentenced.
ALLEN and KAHN, JJ., CONCUR; JOANOS, J., SPECIALLY CONCURS WITH OPINION.