PER CURIAM.
In this direct criminal appeal, appellant raises two sentencing errors: (1) that the trial court incorrectly sentenced him to 23.6 months in prison for reckless driving, a misdemeanor; and (2) that the trial court incorrectly sentenced him to 23.6 *821 months in prison for fleeing and eluding a police officer, also a misdemeanor.
The State correctly concedes error. The first sentence at issue was for a reckless driving conviction which is punishable, upon a first conviction, by imprisonment for a period of not more than 90 days, and on a second or subsequent conviction, by imprisonment for not more than six months. See § 316.192(2), Fla. Stat. (1997). The second sentence at issue was for fleeing and eluding a police officer which is punishable by imprisonment in the county jail for a period not to exceed one year. See § 316.1935(1), Fla. Stat. (1997). Under the State v. Mancino, 714 So.2d 429 (Fla.1998) definition of an illegal sentence, these sentences are illegal, and remediable as fundamental error. See Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998).
Accordingly, we vacate appellants’ sentences on Counts II and III, and remand the case for resentencing as to those counts. Otherwise, the judgment and sentence is affirmed.
VACATED and REMANDED.
WOLF, DAVIS and BROWNING, JJ., CONCUR.