On Motion For Rehearing and Clarification

PER CURIAM.
The state seeks rehearing and clarification of our opinion in McCray v. State, 24 Fla. L. Weekly D507 (Fla. 1st DCA February 19, 1999). We withdraw this opinion, deny the motion for rehearing, but grant *440 the motion for clarification by entering the following revised opinion.
In this direct criminal appeal, Alvario Samell McCray challenges his convictions and sentences for aggravated battery, robbery -with a deadly weapon, grand theft auto, and false imprisonment. Appellant’s convictions and sentences for robbery with a deadly weapon, grand theft auto, and false imprisonment are affirmed. Appellant’s conviction for aggravated battery is also affirmed, but the written sentence imposed for that offense, 15 years in prison followed by 15 years probation, must be vacated. Although the trial court orally pronounced a 15-year sentence for the aggravated battery, a legal sentence, when the written judgment and sentence was entered, appellant was given an illegal sentence of 15 years in prison followed by 15 years probation for this offense. Aggravated battery is a second degree felony. § 784.045(2), Fla. Stat. (1995). The maximum sentence for a second-degree felony is fifteen years. § 775.082(3)(c), Fla. Stat. (1995). See State v. Holmes, 360 So.2d 380 (Fla.1978) (combined periods of incarceration and probation cannot exceed the maximum period of incarceration provided by statute for the offense charged). Even though this sentencing error was not brought to the attention of the trial court, it is cognizable on direct appeal because it constitutes fundamental error. Gayton v. State, 725 So.2d 1179 (Fla. 1st DCA 1998); Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998)(en banc); Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).
AFFIRMED in part, sentence VACATED in part, and REMANDED for modification of the written sentence. It is not necessary that appellant be present for this sentence modification.
KAHN, BENTON AND VAN NORTWICK, JJ., concur.