PER CURIAM.
The trial court sentenced the defendant as a habitual felony offender to thirty years in prison for burglary of a dwelling and to ten years each on four counts of grand theft. The sentences imposed on the grand theft charges are concurrent with each other but consecutive to the burglary sentence. All of the charges arose out of the same criminal episode.
We affirm the convictions, but pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), we reverse the sentences and remand the case to the trial court. As the court explained in Hale, the habitual felony offender statute does not authorize consecutive habitual felony offender sentences for crimes arising out of a single criminal episode. Although the defendant did not object at the time of sentencing or subsequently file a rule 3.800(b) motion in the trial court, we may review his sentence on direct appeal because it is “illegal”. See Lipford v. State, 736 So.2d 62 (Fla. 1st DCA 1999).
Affirmed in part and reversed in part.
JOANOS, WEBSTER and PADOVANO, JJ., CONCUR.