KAHN, J.
The State of Florida seeks review of a trial court order denying all restitution after appellee David Shinall entered a plea of no contest to workers’ compensation insurance fraud and agreed to pay restitution as determined by the trial court after hearing. We vacate the order and remand this matter with the requirement that the trial court adhere to the statutory mandate of “detail” in orders denying restitution.
At the restitution hearing, the State put on evidence that Shinall’s employer, Swisher International, incurred substantial investigative costs as a result of his allegedly fraudulent workers’ compensation claim. The State also put on evidence that Swisher incurred attorney’s fees in the defense of the claim. None of the State’s evidence as to costs incurred met with dispute from Shinall. Instead, Shinall took the stand and essentially denied any fraud.
After the hearing, the assistant state attorney argued Shinall should be required to pay, as restitution for benefits paid, the investigative costs and attorney’s fees demonstrated by Swisher. The defense responded that Shinall should not be required to repay anything because he was still undergoing treatment for his injury and still unable to work. The defense also argued that even if restitution were payable, certain of the legal fees and investigative costs should not be included in the restitution amount. Finally, the defense argued that investigatory and legal fees, if recoverable, would be limited to an amount no higher than the direct damages flowing from defendant’s conduct.
The trial court did not announce its ruling at the hearing, but instead, entered a written order, now the subject of this appeal. This order was most economical, and in its operative entirety, stated: “evidence presented did not establish victim entitled to restitution.”
On appeal, the State urges that we should enforce the requirements of section 775.089(l)(b)l„ Florida Statutes (2001):
*1221 If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.
Appellee contends, as a preliminary matter, that the State has not preserved this argument. Accordingly, we must first address the question of preservation.
Section 924.07(l)(k), Florida Statutes, expressly authorizes a state appeal from an order denying restitution under section 775.089. Section 924.051(3), however, provides in part: “An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” Here, the State concedes it did not raise an argument before the trial court regarding the sufficiency of the order denying restitution. The State also makes no attempt to demonstrate fundamental error. Instead, the State argues the issue is amenable to review for the first time in this court because no procedural mechanism exists to allow a rehearing on the trial court’s order denying restitution. We agree with this argument and conclude that a facially insufficient order denying restitution may be reviewed on appeal.
A defendant may seek relief from an adverse restitution order under Florida Rule of Criminal Procedure 3.800(b). That rule does not, however, apply to the State of Florida. Compare Fillyaw v. State, 734 So.2d 1136, 1137 (Fla. 1st DCA 1999) (holding that the defendant failed to preserve a restitution issue by contemporaneously objecting or filing a rule 3.800(b) motion) with Robinson v. State, 757 So.2d 532, 535 (Fla. 4th DCA 2000) (“The recent amendment does authorize the state to file a motion under rule 3.800(b) but ‘only if the correction of the sentencing error would benefit the defendant.’ ”) (quoting rule 3.800(b)). Moreover, appellee has not brought to our attention any other rule of procedure sufficient to authorize the State to file a motion for rehearing or clarification after an adverse order on restitution. Because the State has a statutory right to seek review of an order denying restitution, and because no procedural means exists for the State to challenge the sufficiency of a restitution order, where no verbal findings are announced in open court, we see no alternative but to allow this case to proceed.
As noted, section 775.089(l)(b)l. requires the trial court to “state on the record in detail the reasons” for denying restitution. Here, after a hearing at which the prosecution proved damages incurred by Swisher as a result of the workers’ compensation claim, the court entered an exceedingly sparse order. We are at a complete loss to determine whether the trial court concluded that no recoverable costs were demonstrated, no costs attributable to the crime were demonstrated, or otherwise. Our review of section 775.089 provides ample evidence that the Legislature places a high priority on restitution in criminal cases. Trial courts are, for example, required to order restitution absent a finding of “clear and compelling reasons not to order such restitution.” § 775.089(l)(a)2., Fla. Stat. (2002). We have already noted, of course, the further legislative requirement of a detailed explanation in cases where a trial court “does not order restitution, or orders restitution of only a portion of the damages.” § 775.089(1)(b) 1., Fla. Stat. (2002).
Based upon the foregoing, we VACATE the order denying restitution and REMAND for further proceedings consistent with this opinion. The State concedes on appeal that recovery of costs may not ex- *1222 eeed the damages directly caused by the criminal conduct. See Boulais v. State, 706 So.2d 365, 366 (Fla. 1st DCA 1998).
VAN NORTWICK and HAWKES, JJ„ concur.