PER CURIAM.
Shalone Lewis appeals his convictions and sentences on revocation of probation. We affirm the convictions as none of the issues raised on appeal have merit. However, we remand the case to the trial court to correct the defendant’s sentences to impose concurrent, not consecutive, habitual violent felony offender sentences.
The Florida Supreme Court’s recent opinion in Cotto v. State, 139 So.3d 283 (Fla.2014), reiterated its holding in Hale v. State, 630 So.2d 521, 525 (Fla.1993), that it is error to impose consecutive sentences under the habitual violent felony offender statute for convictions that arose from a single criminal episode. These sentences are illegal and can be remedied on plenary appeal, regardless of the defendant’s failure to preserve the issue. Lipford v. State, 736 So.2d 62 (Fla. 1st DCA 1999); Jordan v. State, 754 So.2d 876 (Fla. 1st DCA 2000). Because this error is evident on the face of this record, we remand the case for the trial court to impose concurrent sentences. The defendant need not be present.
Affirmed and remanded.